394 So.2d 1111 (1981)
Glenn SWICEGOOD, Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. VV-306.
District Court of Appeal of Florida, First District.
March 11, 1981.
*1112 R. Lee Smith, of Smith, Davenport, Bloom & Harden, Jacksonville, for appellant.
H. Reynolds Sampson, General Counsel, and Margaret Ray Kemper, of the Department of Transportation, Tallahassee, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
On October 3, 1980, appellee filed a motion to dismiss this appeal on the grounds that appellant's initial brief should have been served on or before July 25, 1980, had not been served, and no extensions of time had been granted or requested. We issued an order directing appellant to show cause within ten (10) days why appellee's motion should not be granted. The response, which was filed after the ten-day time limit had expired, is as follows:
Appellant requests that this Court deny the Motion to Dismiss the Appeal in that the delay is in no part attributable to Appellant. The Appeal was taken in good faith and is not frivolous, but to the contrary, with substantial basis. Furthermore, no parties have been prejudiced by the delay.
Appellee replied to the response stating that "[a]ppellant's failure to offer any explanation for its failure to timely prosecute this appeal or seek an extension of time warrants dismissal". We agree.
Although we have been reluctant to dismiss an appeal solely for failure to comply with the appellate rules, where there has been a flagrant disregard of the rules and appellant has been afforded an opportunity to explain the reasons for noncompliance but does not do so, dismissal is justified. Winstead v. Adams, 363 So.2d 807 (Fla. 1 DCA 1978); Akin v. Harvey, 283 So.2d 872 (Fla. 1 DCA 1973).
Therefore, this appeal is dismissed.
MILLS, C.J., and BOOTH and LARRY G. SMITH, JJ., concur.