519 So.2d 61 (1988)
Johnny Wayne MOOSE, Appellant,
v.
STATE of Florida, Appellee. In re Order to Show Cause Directed to Peter L. Esposito, a Member of the Florida Bar.
No. 86-2987.
District Court of Appeal of Florida, Second District.
January 27, 1988.
*62 Peter L. Esposito of Law Offices of Peter L. Esposito, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Our opinion in this matter does not involve the merits of the appeal; it cannot because of the conduct of the appellant's attorney. We would, of course, prefer to expend our time and resources in the substantive disposition of the vast number of cases pending in this court. Unfortunately, we are in this instance required to lay aside our customary duties and deal with a problem that attentive, responsible professionalism would render unnecessary.
Mr. Peter L. Esposito, counsel for the appellant, filed a notice of appeal on October 16, 1986, seeking review of the appellant's felony conviction. On February 3, 1987, an extension to February 27, 1987, was granted Mr. Esposito for the filing of the appellant's initial brief. As of November 10, 1987, the appellant's brief had not been received, and on November 17, 1987, an order was entered requiring Mr. Esposito to show cause in writing within ten days why sanctions should not be imposed upon him for failing to file the appellant's brief within the enlarged period. That ten day period expired without compliance with our order to show cause. Thereafter, on December 30, 1987, we entered an order directing Mr. Esposito to appear before the court on January 12, 1988, again to show cause why sanctions should not be imposed for failing to comply with our orders dated February 3, 1987, and November 17, 1987. Mr. Esposito appeared in accordance with the direction contained in our December 30, 1987, order.
We possess the power and authority to dismiss appeals upon the failure of an appellant to abide by the periods set forth in the Florida Rules of Appellate Procedure for the accomplishment of acts associated with perfecting and pursuing an appeal. See In Re Order As To Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986). In the interest of justice and toward the end that rights are neither lost nor impaired as the result of an attorney's delinquency, which is at times explainable and justifiable, we generally seek to avoid the harsh result of dismissal which can result in the sins of the attorney being visited upon the client. Id. On balance, however, this court's burdened docket cannot be subjected to unwarranted overburdening  especially in the circumstance where the delay in processing an appeal stems from unexplained tardiness in performing a prescribed act. The intensity of our concern with attorneys who either abuse or violate the orderly processing of cases before the court derives not from a *63 judicial preoccupation with the mechanical progression of our docket, but rather from our sensitivity to the effect such behavior has upon the right of other litigants to have their interests passed upon as speedily as possible. Experience has proven that matters of this kind impose a substantial time demand upon the judges and court personnel, preempting the disposition of other pending cases. Particularly because of Mr. Esposito's request for additional time in which to undertake and complete the task of filing the appellant's brief, granted in our February 3, 1987, order, we determined that he was to show cause why he should not be sanctioned for not having filed the appellant's brief within the enlarged period. Nearly nine months had elapsed between our order granting additional time within which to file the appellant's brief and our order requiring Mr. Esposito to show cause in writing why he should not be sanctioned for not filing the brief.
During his appearance before us on January 12, 1988, Mr. Esposito offered as justification for not filing the appellant's brief the fact that he had not been paid sufficient money to cover the entire cost of preparing the record on appeal. When asked why he did not comply with our November 17 order directing him to show cause why he should not be sanctioned for failing to file the appellant's brief, he responded that he deliberately disobeyed the order in anticipation that he would be summoned to appear before the court. Mr. Esposito stated that he could more effectively present the matter in person than he could in writing. We reject such explanation; it offers no conceivably acceptable basis for intentionally disregarding our November 17 order. It is too well-settled to require citation of authority that no one  and certainly not an attorney  is free from the obligation to honor a lawful judicial order. Thus, based upon the foregoing, we find, order and decree as follows:
1. Mr. Esposito deliberately and willfully failed to obey our November 17 order.
2. Mr. Esposito is fined in the amount of $250 which sum, payable to the State of Florida, shall be delivered to the Marshal within thirty days from the date of this opinion.
3. Mr. Esposito shall pay to the Marshal the court reporter's charges incurred by the court in connection with his appearance on January 12, 1988, within fifteen days from the date the Marshal notifies him of the amount of those charges.
4. Mr. Esposito shall procure the record essential to prosecuting the appeal in the above-styled case, file the appellant's brief within thirty-five days from the date of this opinion and thereafter execute all responsibility necessary to prosecute the appeal to completion.
5. Mr. Esposito is directed, consistent with his voluntary commitment expressed at the January 12 hearing, to pay, within fifteen days from the date of this opinion, the sum due to the clerk of the trial court for the cost of preparing the record on appeal. Within two days following the payment of that sum, Mr. Esposito is directed to furnish the clerk of this court with evidence of such payment.
6. Mr. Esposito shall within ten days certify to the court that he has furnished the appellant with a copy of this opinion.
7. A copy of this opinion shall be published in the Southern Reporter and such publication shall constitute a public reprimand.
8. A copy of this opinion will be furnished by the clerk of this court to the Thirteenth Judicial Circuit Grievance Committee for whatever action it deems appropriate.
LEHAN, A.C.J., and PARKER, J., concur.