640 So.2d 115 (1994)
Robert R. HASTINGS, Petitioner,
v.
STATE of Florida,[1] Respondent.
No. 94-01251.
District Court of Appeal of Florida, Second District.
July 20, 1994.
*116 Robert E. Jagger, Public Defender, and Joseph T. Hobson, Asst. Public Defender, New Port Richey, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for respondent.
PARKER, Judge.
Robert R. Hastings has petitioned this court for a writ of certiorari, challenging the dismissal of his appeal filed in circuit court. We grant the petition and quash the circuit court order dismissing Hastings' appeal.
Hastings was convicted of driving under the influence in the county court of Pasco County at which time his assistant public defender filed a timely notice of appeal in the circuit court. When the initial brief in the appeal was not filed timely, the circuit judge assigned to the appeal division of circuit court entered the following order on March 8, 1994:

Notice of Sanctions
TO: Appellant and Appellee
On this court's own motion, pursuant to Rule 9.410, Fla.R.App.P., it appearing that Appellant's brief due on or before March 7, 1994, has not been filed, this appeal will be dismissed on March 18, 1994 at 8:30 A.M. No extensions will be granted.
On March 21, 1994, the court dismissed the appeal.
In this petition for writ of certiorari, the attorney for Hastings alleges that the initial brief was filed on March 18, 1994, although the time of filing is not set out in the petition. Attached to the petition for writ of certiorari is a copy of a stipulation signed by Hastings' attorney and an assistant state attorney agreeing to an extension of time in which to file the initial brief with a proposed order on the lower half of the stipulation for the circuit judge to write in the number of additional days granted for filing of the initial brief. The judge, however, chose instead to dismiss the appeal.
The standard for review for this court is whether the circuit court departed from the essential requirements of the law in dismissing this appeal. For this court to grant this petition and reinstate this appeal, the circuit court's error must be a violation of a clearly established principle of law resulting in a miscarriage of justice. Combs v. State, 436 So.2d 93 (Fla. 1983).
This court has recognized that an appellate court possesses the power and authority to impose the severe sanction of dismissal of an appeal. See Moose v. State, 519 So.2d 61 (Fla. 2d DCA 1988). In Moose, this court was compelled to deal with an attorney who filed a notice of appeal, was granted an extension of time to file a brief, failed to file the brief timely, failed to comply with this court's order to show cause, and still was not prepared to file the initial brief in the case when ordered to appear before the court to explain his failures to comply with previous court orders. In the face of these egregious circumstances, this court did not dismiss the appeal. Recognizing that "we generally seek to avoid the harsh result of dismissal which can result in the sins of the attorney being visited upon the client," Moose, 519 So.2d at 62, this court fined the attorney, published the sanctions against the attorney, forwarded the opinion to The Florida Bar grievance committee, and ordered swift compliance with prosecuting the appeal. See also Stewart v. State, 491 So.2d 1233 (Fla. 2d DCA 1986); Stewart v. State, 490 So.2d 166 (Fla. 2d DCA 1986). Similarly, two of our sister *117 courts have recognized that the wasting of court time because of the negligence of the attorney can be visited on that attorney by use of court sanctions such as fines, costs, reprimand, and contempt. See Krebs v. State, 588 So.2d 38 (Fla. 5th DCA 1991), review denied, 599 So.2d 658 (Fla. 1992); Caudle v. State, 478 So.2d 361 (Fla. 1st DCA 1985).
The judge in this case, in responding to Hastings' petition, stated that tardiness in prosecuting appeals is a continuing problem in his court, with lawyers exhibiting a low priority for the appellate rules and frequently filing briefs "late, haphazardly, or poorly-prepared." He further concluded that denying him the right to dismiss this appeal is emasculating the appellate rules and destroying the efficiency of his court "for there is no other sanction that the Circuit Court can impose upon negligent appellate counsel that is as effective." While we appreciate fully the exasperation of the judge, because this court often deals with filings in this court which do not meet the time requirements of the Florida Rules of Appellate Procedure, we disagree that his only effective sanction is dismissal of the appeal. We conclude that fines, costs, reprimand, and contempt against the attorney will insure an orderly and timely appellate practice in circuit court.
Under the circumstances of this case, especially when Hastings filed his brief, at most, only hours after the court's deadline, we conclude that the dismissal of the appeal was too harsh a sanction and remand this case to the circuit court for consideration of the merits of Hastings' appeal and, if appropriate, imposition of sanctions other than dismissal of the appeal for ignoring the judge's Notice of Sanctions. We, therefore, grant the petition for writ of certiorari.
FRANK, C.J., and DANAHY, J., concur.
NOTES
[1] Hastings named the Honorable Maynard F. Swanson, Jr., Circuit Judge, Sixth Judicial Circuit, as the respondent. We have corrected the style of the case to reflect the proper respondent, the State of Florida.