704 So.2d 685 (1997)
David MAGIER and Nikos Kefalides, Petitioners,
v.
SOLOMON & BENEDICT, P.A., Respondent.
No. 97-03646.
District Court of Appeal of Florida, Second District.
December 19, 1997.
John D. Goldsmith of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, for Petitioners.
Melody E. Altman of Solomon & Benedict, P.A., Tampa, for Respondent.
ALTENBERND, Judge.
David Magier and Nikos Kefalides petition this court for a writ of certiorari to quash the circuit court's order dismissing their appeal from county court. We grant the petition because the dismissal was an unwarranted sanction that deprived the petitioners of their access to courts. See Hastings v. State, 640 So.2d 115 (Fla. 2d DCA 1994); Kennedy v. Guarantee Mgmt. Servs., Inc., 667 So.2d 1013 (Fla. 3d DCA 1996).
On December 13, 1996, the county court rendered a default judgment against the petitioners, Mr. Magier and Mr. Kefalides, and in favor of Solomon & Benedict, P.A. The petitioners filed motions for rehearing and to set aside the default judgment on December 31, 1996. Because these motions would not stay rendition, the petitioners appealed the judgment to circuit court on January 13, 1997. On February 27, 1997, they filed a motion in circuit court to relinquish jurisdiction to the county court to resolve the postjudgment motions. The circuit court denied the motion to relinquish jurisdiction on March 31, 1997.
The record on appeal was prepared by the clerk no earlier than April 24, 1997. On April 30, 1997, Solomon & Benedict moved to dismiss the appeal on the theory that the petitioners' initial brief had been due on March 24, 1997. This date is seventy days from the filing of the notice of appeal. The motion did not take into consideration the fact that the earlier motion to relinquish jurisdiction tolled the time for briefing. It did not disclose the late preparation of the record by the clerk. In addition, counsel did not follow the recommendation in Florida Rule of Appellate Procedure 9.300(a) to contact *686 opposing counsel prior to filing the motion.
In response to the motion to dismiss, the petitioners filed a motion for extension of time on May 6, 1997, requesting an extension to May 31, 1997, to file the initial brief. Although the respondents criticize the petitioners for failure to contact them to request this extension pursuant to rule 9.300(a), they fail to recognize that the motion was a timely authorized response to their own motion to dismiss.
The petitioners served their initial brief on May 30, 1997. On July 30, 1997, Judge Daniel Gallagher entered an order dismissing the appeal, finding that the brief and the motion for extension had not been timely filed. The order does not explain why dismissal is the appropriate sanction for this violation.
The petitioners timely moved for rehearing, explaining that they believed their initial brief had been due on May 5, 1997, because of tolling and mailing periods. The motion for rehearing was denied by Judge Carl Durrance on August 29, 1997, and the petitioners filed this timely certiorari proceeding.
In light of the motion to relinquish jurisdiction and the late preparation of the record, the petitioners had, at a minimum, good reasons to be confused about the briefing schedule contemplated by the rules. That schedule could have been clarified by a simple telephone conversation between the parties' lawyers. This case, at worst, involves a lawyer who filed a brief a few days late because of confusion. No lawyer nor any party disobeyed a court order to file a brief. The circuit court failed to follow the law as announced in Hastings. See 640 So.2d at 115. Accordingly, we hold the trial court's dismissal of the petitioners' appeal was an unwarranted sanction that resulted in a clear departure from the essential requirements of the law.
Petition for Writ of Certiorari granted.
PATTERSON, A.C.J., and WHATLEY, J., concur.