867 So.2d 622 (2004)
PEREZ & PEREZ, M.D., P.A., Petitioner,
v.
Kenneth E. HOLDER, Respondent.
No. 2D03-3199.
District Court of Appeal of Florida, Second District.
March 10, 2004.
*623 Thomas John Dandar of Dandar & Dandar, P.A., Tampa, for Petitioner.
J. Meredith Wester and Angela C. Cabassa of Mechanik Nuccio Williams Hearne & Wester, P.A., Lutz, for Respondent.
CANADY, Judge.
Perez & Perez, M.D., P.A., petitions for review of an order of the circuit court dismissing an appeal of a county court order for failure to timely submit an initial brief. Because we conclude that the circuit court denied the petitioner procedural due process and departed from the essential requirements of law, we grant the petition.
Before the petitioner's initial brief was due and while the petitioner was attempting to obtain approval of a statement of evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), the circuit court granted a sixty-day extension of the deadline for the filing of the initial brief. During the time that the petitioner was proceeding pursuant to rule 9.200(b)(4), the extension for filing the initial brief expired, and the petitioner's counsel failed to file a motion for a further extension. Five days following the expiration of the deadline, the circuit court entered a sua sponte order dismissing the appeal.
The petitioner moved to vacate the dismissal, explaining that there had been a delay in the record supplementation and stating that the brief was "99% complete," lacking only record citations from the record as supplemented by the statement of evidence. The circuit court responded to this motion approximately one month later with an order that, based upon the date on the face of the order, provided six days to file the initial brief and listed a deadline for filing the brief that was a legal holiday. The brief was ultimately filed by the petitioner's counsel four days after the deadline.
Approximately one week after the initial brief was filed, the respondent, Kenneth E. Holder, moved to dismiss the appeal because of the tardiness of the initial brief. The petitioner filed a response to this motion in which it claimed that, due to the holiday and the weekend which had immediately preceded the holiday, its counsel did not receive the order until after the deadline. More than two weeks after the brief was filed, the circuit court entered an order dismissing the appeal as a sanction for failing to timely file the brief.
In considering the petition for certiorari review, we acknowledge the limited circumstances under which it is appropriate for a district court to review an appellate decision of a circuit court. "`It is well-established that certiorari should not be used as a vehicle for a second appeal in a typical case tried in county court.'" Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000) (quoting Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla. 2d DCA 1997)). Certiorari "is limited to those instances where the lower court [i.e., the circuit court] did not afford procedural *624 due process or departed from the essential requirements of law." Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (citing Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 525 (Fla.1995)). There is a departure from the essential requirements of law justifying certiorari review "only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Id.
When reviewing a circuit court's dismissal of an appeal for failure to file a timely brief, this court has noted that it has declined to dismiss an appeal even when it dealt with an attorney
who filed a notice of appeal, was granted an extension of time to file a brief, failed to file the brief timely, failed to comply with this court's order to show cause, and still was not prepared to file the initial brief in the case when ordered to appear before the court to explain his failures to comply with previous court orders.
Hastings v. State, 640 So.2d 115, 116 (Fla. 2d DCA 1994) (citing Moose v. State, 519 So.2d 61, 62 (Fla. 2d DCA 1988)). We also reiterated in Hastings that "we generally seek to avoid the harsh result of dismissal[,] which can result in the sins of the attorney being visited upon the client." Hastings, 640 So.2d at 116 (quoting Moose, 519 So.2d at 62). Although Hastings was a criminal case, its holding has been applied in the civil context. See Magier v. Solomon & Benedict, P.A., 704 So.2d 685 (Fla. 2d DCA 1997); see also Summers v. Blanton, 853 So.2d 1108 (Fla. 1st DCA 2003) (detailing extensive abusesincluding numerous appellate rules violations that did not lead to dismissal).
Hastings clearly establishes as a principle of law that dismissals for the tardy filing of a brief are highly disfavored. Applying the principle articulated in Hastings to the petitioner's counsel's relatively minor negligence, which consisted largely of neglecting to file a motion for an extension of time to file the initial brief while the record was being supplemented, we conclude that the circuit court's dismissal of the appeala drastic sanction imposed on petitioner for counsel's failureconstituted "a violation of a clearly established principle of law resulting in a miscarriage of justice." Kaklamanos, 843 So.2d at 889.
We also conclude that the notice provided by the order that both vacated the dismissal and set the final deadline for the filing of the initial brief violated the requirements of due process. Due process requires that a court imposing a deadline on a litigant for the performance of a particular act give the litigant reasonable notice of the deadline before the deadline arrives. See United Auto. Ins. Co. v. Total Rehab & Medical Ctr., 870 So.2d 866, 869, 2004 WL 231799 (Fla. 3d DCA Feb.4, 2004) ("[C]onsiderations of fairness dictate that if a failure to file the brief by the deadline may subject the appeal to dismissal, there must [be] fair warning of that fact in advance.").
We therefore grant the petition for writ of certiorari. We quash the trial court's order and direct that the appeal be reinstated.[1]
ALTENBERND, C.J., and COVINGTON, J., concur.
NOTES
[1] We note that our disposition of this case does not preclude the imposition by the circuit court of an appropriate lesser sanction.