894 So.2d 1058 (2005)
James LINDSEY, Petitioner,
v.
Merrill KING and Priscilla King, Respondents.
No. 1D04-2133.
District Court of Appeal of Florida, First District.
February 2, 2005.
*1059 Koko Head, Esq. of Koko Head, P.A., Jacksonville, for Petitioner.
William S. Frazier, Esq. of Duane C. Romanello, P.A., Jacksonville, for Respondents.
PER CURIAM.
Petitioner, James Lindsey, filed a petition for a writ of certiorari challenging the circuit court's dismissal of petitioner's appeal from a county court judgment for failure to timely file an initial brief. Because the circuit court denied petitioner procedural due process and departed from the essential requirements of law in dismissing petitioner's appeal, we grant the petition.
Petitioner was the defendant in a county court action, from which he took an appeal to the circuit court. Petitioner timely filed his notice of appeal on October 22, 2003. On March 19, 2004, petitioner filed a motion for extension of time to file the initial brief. The grounds for the motion were that petitioner's counsel had recently discovered that the due dates for filing the initial brief, designation to court reporter, and directions to the clerk in the appeal had been mis-calendared by his secretary and, as a result, the deadlines had already passed. Petitioner's counsel served the designation and directions at the same time as the motion for extension of time was filed. This was petitioner's first request for an extension of time, and prior to filing this motion, respondents Merrill and Priscilla King had not filed a motion to dismiss, nor had the circuit court issued any orders to petitioner regarding the delay. The circuit court entered an Order Denying Motion for Extension of Time and Dismissing Appeal on March 23, 2004. The order dismissed the appeal for lack of prosecution, finding that no good cause had been shown why the appeal should not be dismissed and that, after filing the notice of appeal on October 22, 2003, absolutely nothing was done to prosecute the appeal until March 19, 2004. After the circuit court denied petitioner's motion for reconsideration of the dismissal, petitioner filed a petition for writ of certiorari with this Court. This review followed.
We review a petition for writ of certiorari to determine whether the circuit court departed from a clearly established principle of law. See Hastings v. State, 640 So.2d 115, 116 (Fla. 2d DCA 1994) (citing Combs v. State, 436 So.2d 93 (Fla.1983)). "Hastings clearly establishes as a principle of law that dismissals for the tardy filing of a brief are highly disfavored." Perez & Perez, M.D., P.A. v. Holder, 867 So.2d 622, 624 (Fla. 2d DCA 2004); see also Magier v. Solomon & Benedict, P.A., 704 So.2d 685, 686 (Fla. 2d DCA 1997) (holding that dismissal of the petitioners' appeal was an unwarranted sanction resulting in a clear departure from the essential requirements of the law).
"A sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules." Irvin v. Williams, 736 So.2d 705, 705 (Fla. 1st DCA 1999) (citing Swicegood v. Dep't of Transp., 394 So.2d 1111 (Fla. 1st DCA 1981)). Generally, appellate courts are reluctant to impose the harsh sanction of dismissal, as it results in "`the sins of the attorney being visited upon the client.'" Hastings, 640 So.2d at 116 (quoting Moose v. State, 519 So.2d 61, 62 (Fla. 2d DCA 1988)); see also Gentry v. Gentry, 463 So.2d 511, 512 (Fla. 1st DCA 1985) (publicly reprimanding an attorney in a consolidated opinion involving three tardy *1060 appeals from the same attorney, and holding that, despite previous rule violations, which were brought to counsel's attention and which he persisted in ignoring, counsel's actions did not rise to the level of contempt and did not warrant dismissal of the appeals). In Gentry, this Court observed that "[t]o dismiss the appeals would only serve to penalize the client for shortcomings of counsel," a disfavored course of action. 463 So.2d at 512 (citing Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978)).
Public policy in Florida favors deciding controversies on their merits, even when an initial brief is untimely filed. See United Auto. Ins. Co. v. Total Rehab. & Med. Ctr., 870 So.2d 866, 869 (Fla. 3d DCA 2004) (citing North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962); Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990)). As the Fourth District has noted, the appellate rules allow for extensions of time for most steps in the appellate process, including for the filing of briefs. See United Auto., 870 So.2d at 869. "Where the court becomes aware that the initial brief has not been filed, but there was no previous `no further extensions' order, it is customary to enter an order giving the party ten days to file the initial brief with a warning that failure to comply may result in dismissal of the appeal." Id. at 869 n. 3. The Fourth District held that in fairness to the appellant, if failure to file the brief by the deadline will result in dismissal of the appeal, "there must be fair warning of that fact in advance." United Auto., 870 So.2d at 869. The Second District has agreed with the Fourth District's reasoning, noting that "[d]ue process requires that a court imposing a deadline on a litigant for the performance of a particular act give the litigant reasonable notice of the deadline before the deadline arrives." See Perez & Perez, 867 So.2d at 624 (citing United Auto., 870 So.2d at 869).
Accordingly, "the great weight of Florida authority holds that the failure to file an initial brief by the deadline is not sufficient cause to justify dismissal of the appeal, unless there has been fair warning, in advance, that this consequence may flow from a late filing." United Auto., 870 So.2d at 869 (citations omitted). In the absence of particularly egregious conduct, the failure to timely file a brief is not a serious enough violation to warrant dismissal of an appeal. Irvin, 736 So.2d at 706. If dismissal of the appeal is not warranted, but sanctionable conduct has occurred, then sanctions may be imposed. United Auto., 870 So.2d at 869 (citing Philip J. Padovano, Florida Appellate Practice § 16.8 at 241-42; other citations omitted).
Turning to the facts of this case, petitioner missed the deadline for filing the initial brief by a significant length of time, as the brief was due on January 4, 2004, and the request for an extension of time was not filed until March 19, 2004. While this was a considerable oversight of the deadline, this violation, standing alone, is not serious enough to require petitioner to forfeit his right to an appeal. We have previously declined to impose such a harsh sanction under similar facts. See Lee v. Summit Home Ins. Co., 550 So.2d 141 (Fla. 1st DCA 1989) (imposing sanctions for failure to respond to a show cause order on sanctions, while allowing the appellant to proceed with his appeal, even though the appellant had waited until two months after the initial brief was due to request a thirty-day extension of time).
Here, petitioner had received no warnings regarding the consequences of failure to file a timely brief, nor had he ignored any orders from the court regarding the filing of the brief. Compare McClain v. Fla. Power & Light Co., 523 So.2d 1245 *1061 (Fla. 1st DCA 1988) (holding that dismissal was proper when counsel had continually failed to prosecute the client's appeals, even after reprimands from the court and the imposition of monetary sanctions); Swicegood, 394 So.2d at 1112 (holding that dismissal was warranted because of the appellant's failure to file a brief, request an extension of time, or offer an explanation of his conduct in response to an order of the court). At a minimum, in fairness to petitioner, the circuit court should have provided a warning before imposing the drastic sanction of dismissal of the appeal upon these facts. See Perez & Perez, 867 So.2d at 624; United Auto., 870 So.2d at 869.
Therefore, because the circuit court denied petitioner procedural due process and departed from the essential requirements of law, we GRANT the petition for writ of certiorari, QUASH the circuit court's order, and direct the circuit court to reinstate the appeal.[1]
BENTON, LEWIS and THOMAS, JJ., concur.
NOTES
[1] We note that our disposition of this case does not preclude the imposition by the circuit court of an appropriate lesser sanction.