946 So.2d 1195 (2006)
Douglas GILLESPIE, Petitioner,
v.
The CITY OF DESTIN, Florida, Respondent.
No. 1D06-2623.
District Court of Appeal of Florida, First District.
December 28, 2006.
Rehearing Denied January 31, 2007.
*1196 Matthew W. Burns, Destin, for Petitioner.
Scott Shirley, Daniel W. Hartman, and Jeanne Curtin of Ard, Shirley & Hartman, P.A., Tallahassee, for Respondent.
BENTON, J.
Douglas Gillespie has petitioned for a writ of certiorari, asking us to quash the dismissal of his appeal of a final order of the Destin Code Enforcement Board. The administrative appeal he took to circuit court was dismissed on grounds that he filed his initial brief one day late. Concluding that the circuit court departed from the essential requirements of law in dismissing the appeal in the circumstances of the present case, we grant the petition for writ of certiorari and quash the circuit court's order of dismissal.
An appellate court unquestionably possesses the authority to dismiss an appeal as a sanction in an appropriate case. See Hastings v. State, 640 So.2d 115, 116 (Fla. 2d DCA 1994). But the prerequisite to such a dismissal is a finding of willful or intentional noncompliance with court rules or a court order. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1272 (Fla.1990) ("`A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions.'") (quoting Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)). See also Mathis v. Fla. Dep't of Corr., 726 So.2d 389, 391 (Fla. 1st DCA 1999) ("Mere neglect or inadvertence in complying even with court orders essential to a fair hearing is rarely enough to justify dismissal.").
A final order of the Destin Code Enforcement Board found Mr. Gillespie in violation of Article 2.11.00 of the City of Destin Land Development Code, for modifications *1197 he made to his roof that, the Code Enforcement Board found, encroached into a neighboring property's air space. He sought review of the Code Enforcement Board's decision by timely filing a notice of administrative appeal. On August 7, 2005, the City of Destin filed a memorandum of law in circuit court disputing his right to appeal. Mr. Gillespie responded and, on August 30, 2005, the City of Destin withdrew its memorandum of law challenging his right to appeal.
On October 27, 2005, the City of Destin filed a motion requesting the circuit court to establish a deadline for the filing of the initial brief. On November 2, 2005 (without input from Mr. Gillespie), the circuit court entered the order the City requested, providing:
1. That the initial brief shall be filed in the Office of the Clerk of the Circuit Court within ten (10) days of the date of this Order.
2. That if the initial brief is not filed within the time specified in Paragraph One (1), this action shall stand dismissed and the Appellant shall take nothing by this action, and the Appellee shall go hence without d[]ay.
The circuit court entered the order and mailed copies to counsel by regular mail. The ten-day period specified in the order for filing the initial brief ended on Monday, November 14, 2005,[1] but the initial brief was filed on the morning of November 15, 2005.
On November 17, 2005, the City of Destin filed a motion to dismiss the appeal on grounds the initial brief was untimely. Mr. Gillespie responded, contending that he had filed the initial brief on time, in view of the five-day enlargement he contended Florida Rule of Appellate Procedure 9.420(e) (2005) afforded; and, in the alternative, that any tardiness was de minimis and, in any event, excusable because counsel (and counsel's legal assistant) had suffered recurring and prolonged illness since receiving the court order setting the deadline.
On November 23, 2005, however, the circuit court dismissed the appeal, citing Mr. Gillespie's failure either to file his initial brief on November 14 or to request an extension of time for filing the initial brief. He filed a timely motion for rehearing, which the circuit court denied on April 24, 2006. See Fla. R.App. P. 9.020(i) (2006) ("If any timely and authorized motion under rule 9.330 . . . is filed, the order shall not be deemed rendered as to any party until all of the motions are either abandoned or resolved by the filing of a written order."). By petition filed less than thirty days later, he invoked our certiorari jurisdiction. See Fla. R.App. P. 9.100(c)(1) (2006) ("Original Proceedings").
On petition for writ of certiorari challenging an appellate decision of a circuit court, the scope of our review is severely limited. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). We review such a petition only to determine whether the circuit court failed to afford the petitioner procedural due process of law or otherwise departed from the essential requirements of (substantive or procedural) *1198 law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889-90 (Fla.2003). Certiorari relief is available "when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Id. at 889.
Because the court order setting the deadline below was served by regular mail, Mr. Gillespie argues, he was entitled to a five-day enlargement of the time to serve the initial brief, pursuant to Florida Rule of Appellate Procedure 9.420(e). Fla. R.App. P. 9.420(e) (2005) ("If a party, court reporter, or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, 5 days shall be added to the prescribed period."). He relies, here as below, on Hightower v. Berry, 490 So.2d 1029, 1030 (Fla. 1st DCA 1986) (declining to impose sanctions where initial brief was filed two days late). There as here the appeals court had entered an order requiring the initial brief to be filed by a date certain (albeit, in the present case, requiring calculation by reference to Florida Rule of Appellate Procedure 9.420(f)). In Hightower, we explained that the five-day enlargement rule[2] applied "only if the time period for doing an act is commenced by the service of a preceding document." Id. Neither in Hightower nor here did time for filing the brief depend on "service of a preceding document." In both, a court order set the deadline. The order the circuit court entered below required Mr. Gillespie to file his brief by November 14, 2005, not five days later.[3]
Procedural due process requires only "that a court imposing a deadline on a litigant . . . give the litigant reasonable notice of the deadline before the deadline arrives." Perez & Perez, M.D., P.A. v. Holder, 867 So.2d 622, 624 (Fla. 2d DCA 2004). But Florida Rule of Appellate Procedure 9.410 specifically requires that, before any sanction is imposed for a violation of the rules of appellate procedure, the party to be sanctioned receive ten days' notice. See Fla. R.App. P. 9.410 (2005) ("After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions.").
The circuit court's order requiring the filing of the initial brief within ten days upon pain of dismissal of the appeal may have been an attempt to give Mr. Gillespie the ten days' notice required under Rule *1199 9.410. Because the order was mailed, however, the amount of notice he got was reduced, by the mailing time, to less than the requisite ten days. But, even if the trial court had fully complied with Florida Rule of Appellate Procedure 9.410, dismissal of his appeal would not have been warranted, absent a finding of willful failure to comply with the court's order. See Tubero, 569 So.2d at 1273 (requiring a trial court to make "a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard" before imposing the sanction of dismissal).
Mr. Gillespie's filing of the initial brief early the day after his time expired does not approach the gravity of the misconduct in cases in which dismissals have been upheld. Compare McClain v. Fla. Power & Light Co., 523 So.2d 1245, 1247 (Fla. 1st DCA 1988) (holding that dismissal was proper because counsel had continually failed to prosecute his client's appeals timely, despite reprimands by the court and the imposition of monetary sanctions); Swicegood v. Fla. Dep't of Transp., 394 So.2d 1111, 1112 (Fla. 1st DCA 1981) (holding that dismissal was proper because counsel had failed to file a brief, failed to request an extension of time, and failed to explain his conduct in response to the court's order to show cause). Public policy in Florida favors deciding controversies on their merits, even when an initial brief is untimely filed. See Lindsey v. King, 894 So.2d 1058, 1059-60 (Fla. 1st DCA 2005) (recognizing the "`principle of law that dismissals for the tardy filing of a brief are highly disfavored'") (quoting Perez, 867 So.2d at 624).
Dismissal of an appeal for the untimely filing of a brief serves only to penalize the client for the shortcomings of counsel, which can better be addressed by the use of other sanctions such as fines, costs, reprimand, and contempt. See Gentry v. Gentry, 463 So.2d 511, 512 (Fla. 1st DCA 1985). See also Magier v. Solomon & Benedict, P.A., 704 So.2d 685, 686 (Fla. 2d DCA 1997) (holding that "dismissal of the petitioners' appeal was an unwarranted sanction that resulted in a clear departure from the essential requirements of the law"); Hastings, 640 So.2d at 116 ("[W]e generally seek to avoid the harsh result of dismissal[,] which can result in the sins of the attorney being visited upon the client[.]") (quoting Moose v. State, 519 So.2d 61, 62 (Fla. 2d DCA 1988)); Krebs v. State, 588 So.2d 38, 39 (Fla. 5th DCA 1991) (noting that "other sanctions are available to the lower tribunal under rule 9.410, Florida Rules of Appellate Procedure, including assessment of attorney's fees against appellant's counsel for wasted time and expenses attributable to his negligence"); Moose, 519 So.2d at 63 (ordering monetary sanctions against the attorney, publishing the fact of sanctions against the attorney, forwarding the opinion to the Florida Bar Grievance Committee, and requiring swift prosecution of the appeal).
Mr. Gillespie's lapse was not as egregious as conduct in other cases in which dismissal has been deemed too harsh a sanction. See Moose, 519 So.2d at 62-63 (declining to dismiss an appeal, where the attorney had filed a notice, was granted an extension of time to file a brief, failed to file the brief timely, failed to comply with the court's show cause order, and still was not prepared to file the brief in the case when ordered to appear before the court to explain his failures to comply with previous court orders); Gentry, 463 So.2d at 511-12 (ordering the public reprimand of an attorney in a consolidated opinion involving three tardy appeals brought by the same attorney, and holding that, despite previous rule violations, which were brought to counsel's attention and which he ignored, counsel's actions did not rise to *1200 the level of contempt or warrant dismissal of the appeals).
Mr. Gillespie's initial brief was late by a matter of hours. The circuit court did not make a finding that the late filing was the product of willful disregard, bad faith or gross indifference.[4] Without more, the record does not support the view that his tardiness was serious enough to justify forfeiture of his client's right to an appeal. On this record, the circuit court's dismissal of the appeal was in violation of clearly established principles of law, and constituted a departure from the essential requirements of law.
We grant the petition for writ of certiorari and quash the circuit's court order dismissing petitioner's appeal.
ALLEN and HAWKES, JJ., concur.
NOTES
[1] November 12, 2005, was the tenth day after the court entered the order establishing the deadline. Because November 12, 2005, fell on a Saturday, the time period ended on Monday, November 14, 2005. See Fla. R.App. P. 9.420(f) (2005) ("In computing any period of time prescribed . . . by order of the court, . . . the day of the act [or] event . . . from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a holiday . . ., in which event, the period shall run until the end of the next day that is neither a Saturday, Sunday, nor holiday.").
[2] Hightower addressed Florida Rule of Appellate Procedure 9.420(d) (1986), the predecessor to Florida Rule of Appellate Procedure 9.420(e) (2005). Hightower v. Berry, 490 So.2d 1029, 1030 (Fla. 1st DCA 1986). But there are no material differences between these provisions.
[3] In obiter dicta, the Hightower court did say in a footnote that "[w]here an order required, for example, service `within 10 days of the date of this order,' the five-day time is allowable; but where the order provides for service within so many days of receipt of the order, no additional time for mailing is allowed." Hightower v. Berry, 490 So.2d 1029, 1030 n. 3 (Fla. 1st DCA 1986). This language concededly suggests that the five-day mailing rule could apply here, Hightower's holding notwithstanding. But the supreme court has since made unmistakably clear that the "five-day mailing rule will only provide an additional five days when an act is required to be done within some time after service of a document, and not when an act is required to be done after the rendition or filing of an order." Bell v. U.S.B. Acquisition Co., 734 So.2d 403, 412 (Fla.1999). Where a court order requires a party to act, the five-day enlargement of time is not applicable, even if the act the order requires is service of a document.
[4] The trial court took no evidence that would contradict petitioner's claim that illness played a part. But neither did petitioner establish his claim of illness in counsel's office.