WALLACE, Judge.
 

 Without warning, the circuit court dismissed Svetlana Altman’s appeal of a county court order as a sanction for a single violation of the appellate rules. Ms. Altman petitions for review by certiorari of the circuit court’s order of dismissal. We hold that in dismissing Ms. Altman’s appeal, the circuit court departed from the essential requirements of the law and denied Ms. Altman procedural due process. Accordingly, we grant the petition and quash the circuit court’s order of dismissal.
 

 I. THE STANDARD OF REVIEW
 

 We begin by noting the applicable standard of review:
 

 The standard of review for a certiorari petition challenging a decision of a circuit court acting in its review capacity requires assessing whether the circuit court afforded procedural due process and observed the essential requirements of the law. This second-tier certiorari review is “simply another way of deciding whether the lower court ‘departed from the essential requirements of [the] law.’ ” “A ruling constitutes a departure from the essential requirements of [the] law when it amounts to ‘a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ”
 

 Gould v. State,
 
 974 So.2d 441, 444-45 (Fla. 2d DCA 2007) (alteration in original) (citations omitted) (quoting
 
 Miami-Dade Cnty. v. Omnipoint Holdings, Inc.,
 
 863 So.2d 195, 199 (Fla.2003));
 
 see also Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic,
 
 913 So.2d 1281, 1284 (Fla. 2d DCA 2005) (noting same).
 

 II. THE FACTS AND PROCEDURAL HISTORY
 

 The limited appendix on appeal reflects that Ms. Altman filed a notice of appeal on February 20, 2009, in the Twentieth Judi
 
 *1032
 
 cial Circuit Court in and for Collier County from her “conviction” on February 11, 2009, and from the denial of her “motion” in the Collier County Court, case number 08-3566-CT. The appendix does not disclose the nature of the conviction or of the motion. Ms. Altman also filed in the circuit court a statement of judicial acts to be reviewed, directions to the clerk, and a designation to the court reporter, but those documents are not included in the appendix.
 

 Ms. Altman alleges in her petition that on March 6, 2009, she received the audio recordings of the underlying proceedings which she subsequently provided to Southwest Florida Court Reporting for transcription and inclusion in the record before the circuit court. Ms. Altman does not indicate the date she provided the recordings to the court reporter for transcription. The State does not dispute these allegations.
 

 Ms. Altman further alleges that she received a partial record from the clerk on April 6, 2009. Although nothing in the appendix supports this allegation, Ms. Altman made the same allegation in her motion for extension of time, which is discussed below. Once again, the State does not dispute Ms. Altman’s representations.
 

 Later, on May 21, 2009, the circuit court entered an order directing Ms. Altman “to show cause within fifteen (15) days from the date this order is rendered as to why this appeal should not be dismissed for failure to file an initial brief in compliance with Fla. R.App. P. 9.110(f).”
 
 [1]
 
 The order further provided that Ms. Altman could “also comply with this order by filing an initial brief within fifteen (15) days from the date this order is rendered.... Failure to comply may result in sanctions pursuant to Fla. R.App. P. 9.410, up to and including dismissal without further notice.”
 

 Ms. Altman did not directly respond to the order to show cause. But on June 19, 2009, her counsel served a motion for extension of time to file the initial brief. Ms. Altman alleges in her petition that her counsel did not receive the order to show cause until June 17, 2009, and then served the motion for extension of time within forty-eight hours. Ms. Altman suggested that the delay in receiving the order to show cause resulted from the omission of the zip code from her attorney’s address on the envelope used to mail the order to her attorney.
 

 The record reflects that the zip code was omitted from Ms. Altman’s counsel’s address on the certificate of service in the order to show cause. And although nothing in the appendix directly supports that Ms. Altman’s counsel did not receive the order until June 17, the State does not dispute this allegation.
 
 [2]
 

 Ms. Altman alleged in her motion for extension of time that there had been a delay in transcribing the recording of the underlying proceedings and that the court reporter had indicated that the transcript
 
 *1033
 
 would be prepared no later than June 23, 2009. Ms. Altman requested a thirty-day extension of time to file her initial brief.
 
 [3]
 
 The circuit court granted Ms. Altman’s motion for extension of time in an order entered on June 24, 2009, and provided Ms. Altman with a thirty-day extension within which to file her initial brief. In accordance with that order, Ms. Altman had until July 24, 2009, to file her initial brief.
 

 Then, on July 21, 2009, the circuit court, acting on its own motion, entered the order under review. In this order, the circuit court dismissed Ms. Altman’s appeal. The circuit court noted that Ms. Altman had failed to timely file her initial brief and had failed to timely request an extension of time within which to file her initial brief. The circuit court further found that upon issuance of the order to show cause that Ms. Altman “ignored this Court’s previous order, and submitted a motion and proposed order for an extension of time directly to the Judge, well after the time expired.” The circuit court concluded that the order granting the extension of time “was improvidently entered” and vacated that order. The circuit court further concluded that “Counsel was given ample opportunity to respond to this Court’s orders, and to date, has failed to demonstrate good cause for her failure to respond to the Court or to comply with Florida Rules of Appellate Procedure.”
 

 III. DISCUSSION
 

 Florida Rule of Appellate Procedure 9.410 provides as follows:
 

 After 10 days’ notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys’ fees, or other sanctions.
 

 Ms. Altman argues that the circuit court departed from the essential requirements of the law and denied her procedural due process in dismissing her appeal without warning when counsel committed a single violation of the appellate rules.
 
 [4]
 

 It is well settled that dismissal of an appeal without providing the requisite notice under rule 9.410 constitutes a departure from the essential requirements of the law.
 
 See Boulder Mgmt., Inc. v. Charis Healing Ministries,
 
 931 So.2d 1058, 1059 (Fla. 4th DCA 2006);
 
 Lindsey v. King,
 
 894 So.2d 1058, 1060-61 (Fla. 1st DCA 2005). Here, the circuit court provided notice of the potential for dismissal for failing to timely file the initial brief in the order to show cause. But instead of proceeding with the threatened dismissal, the circuit court entertained and granted Ms. Altman’s motion for an extension of time within which to serve her initial brief. The order granting Ms. Altman’s request for an extension of time did not include language providing Ms. Altman with notice of the circuit court’s intent to dismiss her appeal if the brief was not filed within the time allowed.
 

 
 *1034
 
 Later, acting on its own motion, the circuit court entered an order abrogating the prior extension and dismissing the appeal without warning. We conclude that the entry of this order constituted both a denial of procedural due process and a departure from the essential requirements of the law because the circuit court failed to comply with the notice requirement of rule 9.410.
 
 See Affirmative Ins. Co. v. Gomez,
 
 14 So.3d 1244, 1247 (Fla. 4th DCA 2009) (concluding that the circuit court denied the petitioner procedural due process by dismissing its appeal when, after issuing an order threatening dismissal upon the failure to file the record within ten days, the court issued subsequent orders granting petitioner additional time to file the record and an initial brief without notice of its intent to dismiss if the record and initial brief were not filed within the time allowed).
 

 We also conclude that the circuit court departed from the essential requirements of the law for a second reason when it dismissed Ms. Altman’s appeal under the circumstances of this case. “It is an established principle of law that dismissal of an appellate proceeding should be employed sparingly and only after repeated violations or contumacious disregard of a court’s orders.”
 
 Krebs v. State,
 
 588 So.2d 38, 38 (Fla. 5th DCA 1991).
 

 A sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules.
 
 Without more, however, the failure to file a brief on time is not a serious enough violation to warrant dismissal of an appeal.
 

 Irvin v. Williams,
 
 736 So.2d 705, 706 (Fla. 1st DCA 1999) (emphasis added) (citations omitted);
 
 see also Perez & Perez, M.D., P.A. v. Holder,
 
 867 So.2d 622, 624 (Fla. 2d DCA 2004) (noting the “principle of law that dismissals for the tardy filing of a brief are highly disfavored”);
 
 Hastings v. State,
 
 640 So.2d 115, 116-17 (Fla. 2d DCA 1994) (quashing an order dismissing an appeal for failure to timely file the initial brief);
 
 Lindsey,
 
 894 So.2d at 1060 (holding that a request for an extension of time to file an initial brief filed more than two months after the initial brief was due was not sufficiently egregious to merit dismissal);
 
 Krebs,
 
 588 So.2d at 38-39 (quashing the dismissal of an appeal for filing an initial brief six weeks after it was due).
 

 Public policy in Florida favors deciding controversies on their merits, even when an initial brief is untimely filed.
 

 Dismissal of an appeal for the untimely filing of a brief serves only to penalize the client for the shortcomings of counsel, which can better be addressed by the use of other sanctions such as fines, costs, reprimand, and contempt.
 

 Gillespie v. City of Destin,
 
 946 So.2d 1195, 1199 (Fla. 1st DCA 2006) (citation omitted);
 
 see also Hastings,
 
 640 So.2d at 116— 17 (noting same);
 
 Lindsey,
 
 894 So.2d at 1060 (noting same).
 

 Here, Ms. Altman alleges that the circuit court dismissed her appeal after a single rule violation — the failure to timely file her initial brief. But to be fair to the circuit court, Ms. Altman not only failed to timely file her initial brief, her counsel failed to timely respond to the circuit court’s order to show cause. Counsel arguably failed to respond to the order to show cause at all, choosing instead to file a motion for extension of time. That motion did not address the order to show cause, and although it explained the reason for the delay in filing the initial brief, it did not explain the reason for the delay in responding to the order to show cause.
 

 
 *1035
 
 However, this court has declined to dismiss an appeal under significantly more egregious circumstances. In
 
 Moose v. State,
 
 519 So.2d 61, 62-68 (Fla. 2d DCA 1988), this court did not dismiss an appeal when the appellant’s attorney obtained an extension of time to file an initial brief, failed to timely file the brief in compliance •with the extension and for nine months after entry of the order granting the extension, and failed to respond to this court’s order to show cause. Also, the appellant’s attorney admitted to deliberately disobeying the order to show cause in anticipation that he would be summoned to court where he believed he could more effectively present the matter in person.
 
 Id.
 
 at 63. Instead of dismissing the appeal, we noted that “we generally seek to avoid the harsh result of dismissal which can result in the sins of the attorney being visited upon the client.”
 
 Id.
 
 at 62. And we imposed a number of sanctions directly upon the appellant’s attorney.
 
 Id.
 
 at 63.
 

 We also note that Ms. Altman was appealing a criminal conviction to the circuit court. The dismissal of her appeal resulted in a miscarriage of justice because it deprived Ms. Altman of the opportunity to obtain appellate review of her conviction, apparently through no fault of her own. Although the State points out that Ms. Altman may have grounds to seek relief for ineffective assistance of appellate counsel, the burden on a defendant seeking postconviction relief is generally greater than that on a defendant seeking review on direct appeal.
 

 Finally, we note that the State does not allege any prejudice with respect to the delay in filing the initial brief, and it did not oppose Ms. Altman’s motion for extension of time or seek dismissal by its own motion. Although the circuit court notes that Ms. Altman’s counsel did not directly respond to the order to show cause and may have improperly submitted a motion for extension of time and proposed order directly to a judge, it did not find that counsel was guilty of willful disregard, bad faith, or gross indifference to the court’s order. Under the circumstances, the circuit court deprived Ms. Altman of procedural due process and departed from the essential requirements of the law in dismissing her appeal.
 

 IV. CONCLUSION
 

 For the foregoing reasons, we grant the petition, quash the order of dismissal, and remand for further proceedings.
 

 Petition granted, order quashed, and case remanded.
 

 NORTHCUTT and MORRIS, JJ., Concur.
 

 [1]
 

 . Florida Rule of Appellate Procedure 9.110(f), requiring the initial brief to "be served within 70 days of filing the notice,” applies to review of final orders of lower tribunals and orders granting a new trial. Rule 9.140(g), which applies to appeals in criminal cases, requires the initial brief to "be served within 30 days of service of the record.” Because it appears that Ms. Altman’s appeal arises from a criminal case, the circuit court should have looked to rule 9.140(g) to determine the due date for her initial brief. Neither of the parties has addressed this issue in this proceeding.
 

 [2]
 

 . We note that in the motion for extension of time counsel did not advise the circuit court of the untimely receipt of the order. But it is entirely possible that the motion for extension of time was prepared before counsel's receipt of the order and merely served afterward.
 

 [3]
 

 . Ms. Altman included in her appendix a copy of an invoice dated June 22, 2009, from Southwest Florida Reporting Services, Inc., for the transcription of trial proceedings held on February 11, 2009, in the matter of
 
 State v. Altman,
 
 No. 08-3566-CT.
 

 [4]
 

 . Ms. Altman also argues that because the transcript of the proceedings in the underlying criminal case had not yet been included in the record, her initial brief was not due when the circuit court dismissed her appeal.
 
 See
 
 Fla. R.App. P. 9.140(g). Based on our resolution of Ms. Altman’s other argument and because of the limited record before us, we do not address this issue.