DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROCHELLE GOLDBERG,**
Appellant,

v.

**LAW OFFICE OF SARA LAWRENCE, P.A.,** et al.,
Appellees.

No. 4D12-1736

[November 5, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan F. Greenhawt, Judge; L.T. Case No. 07-2601 (37/90).

Mark Bain of Mark Bain, P.A., Plantation, for appellant.

Sara Lawrence and Frank Wolland, North Miami, for appellee Law Office of Sara Lawrence, P.A.

KLINGENSMITH, J.

This case stems from a dissolution of marriage. Prior to the entry of the final judgment, Sara Lawrence ("respondent") filed a notice of charging lien and requests for other relief against Rochelle Goldberg ("petitioner"), pursuant to the terms and conditions of the attorney-client retainer agreement contract she executed with petitioner. Respondent's motion for charging lien was referred to a general magistrate, and petitioner timely filed her exceptions to recommendations contained in the magistrate's report. The trial court subsequently entered an order denying petitioner's exceptions, citing her failure to comply with Florida Family Law Rule of Procedure 12.490(g)(2), which required petitioner to provide opposing counsel with a copy of all pertinent transcripts and records before the hearing. Fla. Fam. L. R. P. 12.490(g)(2). Petitioner claims that her inadvertent failure to provide opposing counsel with a copy of the transcripts prior to the hearing did not merit dismissal of her exceptions. We agree.

Rule 12.490(g)(2) requires the party seeking review of a general magistrate's order to deliver a transcript of all relevant proceedings to the judge and all other parties no less than forty-eight hours before the hearing on exceptions. *Id.* Although petitioner's counsel filed all relevant records and transcripts with the trial court, a copy of the record was not delivered to opposing counsel. Petitioner's counsel stated that he only learned that respondent did not receive the transcripts on the day of the hearing. While they did not possess a copy at the hearing, respondent's counsel was aware that the transcripts had previously been ordered, and knew it had been filed with the court upon receiving petitioner's notice of filing.[1]

Dismissal is an extreme sanction, and should be reserved for cases involving flagrant violations of procedural rules. *See generally Lindsey v. King*, 894 So. 2d 1058, 1059 (Fla. 1st DCA 2005) (stating that "'[a] sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules'" (quoting *Irvin v. Williams*, 736 So. 2d 705, 705 (Fla. 1st DCA 1999)); *De La Torre v. Orta ex rel. Orta*, 785 So. 2d 553, 555 (Fla. 3d DCA 2001) (stating that "dismissal of claims or defenses is an extreme sanction which should be used sparingly"); *Moose v. State*, 519 So. 2d 61, 62 (Fla. 2d DCA 1988) (finding that the harsh sanction of dismissal results in "the sins of the attorney being visited upon the client").

We recognize the importance of parties complying with deadlines set by the rules of court. *See Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993) ("In the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to filing deadlines and other procedural requirements."). However, there was no evidence presented that petitioner willfully or flagrantly failed to comply with rule 12.490(g)(2). It appears from the record that the failure to deliver the transcripts to opposing counsel was an inadvertent mistake, a conclusion that is corroborated by the totality of the circumstances.

---

[1] Petitioner's position implies that opposing counsel had an affirmative duty to request the transcripts from petitioner prior to the hearing. Although respondent's knowledge that the transcripts were available might be relevant as to whether respondent was prejudiced by having the hearing continued, we emphasize that under the rule it was the petitioner who bore the burden of providing the transcripts to all parties, and consequently it was petitioner's responsibility to ensure it had been timely received.

2

The trial court abused its discretion by denying petitioner's exceptions based solely on the inadvertent failure to provide a copy of the transcripts to opposing counsel as required by rule 12.490(g)(2). Her conduct was not sufficiently egregious to warrant the draconian sanction of dismissal. Rather than dismiss the exceptions, the appropriate remedy under these circumstances should have been to grant a continuance of the hearing and allow petitioner the opportunity to ensure the delivery of the transcripts to respondent. A continuance would have allowed opposing counsel a chance to review the transcripts, and would have preserved petitioner's due process rights in the underlying proceeding by allowing her to litigate this case on the merits.

*Reversed and Remanded.*

GERBER and LEVINE, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***