# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1970

_____

JIMMY FOREHAND,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

February 5, 2019

WETHERELL, J.

In this certiorari proceeding, the petitioner, Jimmy Forehand, seeks review of the circuit court order dismissing his appeal of a county court criminal judgment and sentence. Although we are mindful that "[o]ur job is not to decide whether, facing the same circumstances, we too would dismiss," *McBride v. Vansandt*, 201 So. 3d 835, 837 (Fla. 1st DCA 2016), we agree with Forehand that the circuit court departed from the essential requirements of law when it dismissed his appeal. Accordingly, we grant Forehand's petition for writ of certiorari and quash the dismissal order.

Forehand was convicted of two misdemeanors in the county court, and he appealed the resulting judgment and sentence to the circuit court. After Forehand did not file his initial brief within the time prescribed by the appellate rules, *see* Fla. R. App. P. 9.140(g)(1) (requiring the initial brief to be served within 30 days

of transmission of the record), the circuit court ordered Forehand to file the brief within 30 days and warned him that the appeal would be dismissed if he did not comply with the order.

On the thirtieth day after the order was entered, Forehand's attorney[1] filed a motion for extension of time in which she explained that the trial transcript was not yet complete because it had taken Forehand time to obtain the funds necessary to pay for the transcript. The circuit court denied the motion for extension of time and dismissed the appeal, citing Forehand's delay in ordering the transcript and his failure to timely advise the court that there were problems with the record.

Forehand appealed the dismissal order to this court,[2] but because the order was entered by the circuit court in its appellate capacity, we converted the appeal to a certiorari proceeding and directed Forehand to file a petition for writ of certiorari. *See* Fla. R. App. 9.030(b)(2)(B) ("The certiorari jurisdiction of the district courts may be sought to review final orders of circuit courts acting in their review capacity."); *Kaloyios v. Regal Homes of Central Florida, Inc.*, 967 So. 3d 1035, 1036 (Fla. 5th DCA 2007) ("An order dismissing [a circuit court] appeal is reviewable by certiorari.").

The scope of our review in this proceeding is extremely narrow, and we can only grant relief if the circuit court failed to afford procedural due process or departed from the essential requirements of law. *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003). A circuit court departs from the essential requirements of law when it violates a clearly established principle

---

[1] The attorney representing Forehand in the circuit court is not the same attorney representing him in this court.

[2] Forehand did not seek rehearing of the dismissal order before filing the appeal even though the trial transcript was filed with the circuit court within the 15-day timeframe for filing a motion for rehearing. It is quite possible that the learned circuit court judge would have reconsidered her decision to deny the motion for extension of time and dismiss the appeal if she had been informed that the trial transcript had been filed.

2

of law resulting in a miscarriage of justice. *Id.* (citing *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 682 (Fla. 2000)).

Forehand's petition argues that the circuit court departed from the essential requirements of law when it dismissed his appeal because dismissal is an extreme sanction that is not warranted under the circumstances of this case. We agree.

It is well-established that dismissal of an appeal is an extreme sanction that is reserved for the most flagrant violations of the appellate rules. *Lindsey v. King*, 894 So. 2d 1058, 1059 (Fla. 1st DCA 2005). The appellant's failure to timely file an initial brief does not justify the dismissal of an appeal unless the appellant has been warned that this consequence may flow from a late filing. *Id.* at 1060 (quoting *United Auto Ins. Co. v. Total Rehab & Med. Ctr.*, 870 So. 2d 866, 869 (Fla. 3d DCA 2004)). However, even when the appellant has been duly warned, the district courts have routinely quashed dismissal orders when the appellant's failure to file the initial brief does not stem from extreme, willful misconduct, or an intentional disregard of court orders or the appellate rules. *See, e.g.*, *Untied Auto Ins. Co. v. County Line Chiropractic Ctr.*, 8 So. 3d 1258, 1260 (Fla. 4th DCA 2009); *Kaloyios*, 967 So. 2d at 1038; *Gillespie v. City of Destin*, 946 So. 2d 1195, 1196 (Fla. 1st DCA 2006); *Hastings v. State*, 640 So. 2d 115 (Fla. 2d DCA 1994).

Here, although Forehand was warned that his failure to file his initial brief within 30 days would result in the dismissal of his appeal, Forehand did not disregard the order and instead timely filed a motion for extension of time explaining why he was not able to file a brief within the deadline set by the court. *Cf. Swicegood v. Dep't of Transp.,* 394 So.2d 1111, 1112 (Fla. 1st DCA 1981) (holding that dismissal was proper because counsel had failed to file a brief, failed to request an extension of time, and failed to explain his conduct in response to the court's order to show cause). The reason for the extension requested by Forehand—and the requested extension itself—was not unreasonable under the circumstances, and thus, the circuit court's denial of the motion for extension of time and the resulting dismissal of the appeal constituted a departure from the essential requirements of law. *See Paul Revere Life Ins. Co. v. Kahn*, 873 So. 2d 595 (Fla. 3d DCA 2004) (quashing order that only granted

extension of time to file initial brief to the date that the trial transcript was to be completed because "[i]t is fundamentally unfair to require a party to prepare a brief without a transcript").

That said, it would have been better practice for Forehand's attorney to bring the issues with the trial transcript to the circuit court's attention sooner than she did.[3]  However, despite the attorney's shortcomings, we are loath to allow the "sins of the attorney [to be] visited on the client." *Lindsey*, 894 So. 3d at 1059 *(*quoting *Hastings v. State*, 640 So. 2d 115, 116 (Fla. 2d DCA 1994)); *see also Gillespie*, 946 So. 2d at 1199 (explaining that the "[d]ismissal of an appeal for the untimely filing of a brief serves only to penalize the client for the shortcomings of counsel, which can better be addressed by the use of other sanctions such as fines, costs, reprimand, and contempt"); *Gentry v. Gentry*, 463 So. 2d 511, 512 (Fla. 1st DCA 1985) (same).  This is particularly true in a criminal case such as this where the effect of the dismissal was to deprive Forehand of his right to obtain appellate review of his conviction and there is no apparent prejudice to the State in allowing the appeal to proceed.  *See Altman v. State*, 41 So. 3d 1030, 1035 (Fla. 2d DCA 2010).

Accordingly, we quash the order dismissing Forehand's appeal and remand the case to the circuit court for further proceedings.

PETITION GRANTED; ORDER QUASHED.

WOLF and LEWIS, JJ., concur.

---

[3]  For example, as soon as the record was filed without the trial transcript (or no later than 30 days thereafter when the initial brief was due), the attorney should have filed a motion for extension of time to file the brief.  Of course, the attorney might not have needed to request an extension of time if she had designated the trial transcript for transcription when she filed the notice of appeal as the appellate rules contemplate, *see* Fla. R. App. P. 9.140(f)(2), because had that been done, the record would not have been transmitted—and the time for filing the initial brief would not have commenced—until the trial transcript was filed, *see* Fla. R. App. P. 9.140(f)(1).

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Petitioner.

Ashley B. Moody, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Respondent.