736 So.2d 705 (1999)
Randy IRVIN and Cathy Irvin, Petitioners,
v.
Jimmie (Jamey) WILLIAMS, L.H. Moore and his wife, Betty Moore, Respondents.
No. 98-3477.
District Court of Appeal of Florida, First District.
May 14, 1999.
Joseph L. Shields, Tallahassee, for Petitioners.
H. Guy Green, Marianna, for Respondents.
PER CURIAM.
We grant the petition for writ of certiorari in this case and quash the order of the circuit court dismissing the petitioners' appeal from the county court. The appeal was dismissed on the ground that the petitioners' brief was untimely, but there is no indication that such a severe sanction was warranted.
The petitioners' first attorney had been suspended from the practice of law, and they did not secure another attorney until shortly before the initial brief was due. The new attorney filed a motion for extension of time stating that he had just been retained and that, because of a personal illness, he would not be able to complete the brief by the due date. The motion also alleged that the respondents would not be prejudiced by the extension and that counsel *706 for the respondents had been notified of the motion but had not responded. The petitioners' initial brief was filed in the circuit court approximately two and one-half weeks after the due date. Subsequently, the circuit court entered an order dismissing the appeal on the ground that initial brief was untimely.
A sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules. See Swicegood v. Department of Transportation, 394 So.2d 1111 (Fla. 1st DCA 1981) (holding that dismissal was proper because counsel had failed to file a brief, failed to request an extension of time, and failed to explain his conduct in response to an order of the court); McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988) (holding that dismissal was proper because counsel had continually failed to timely prosecute his client's appeals, despite reprimands by the court and the imposition of monetary sanctions). Without more, however, the failure to file a brief on time is not a serious enough violation to warrant dismissal of an appeal. See Leonard v. First Union Nat'l Bank of Florida, 685 So.2d 98 (Fla. 3d DCA 1997); Krebs v. State, 588 So.2d 38 (Fla. 5th DCA 1991).
In the present case, the petitioners' initial brief was late by only two and one-half weeks. The petitioners had a good reason to request additional time to retain substitute counsel and they had not previously requested an extension for any other reason. There is no evidence the delay was prejudicial or that it interfered with the orderly progress of the appeal. Moreover, the order contains no finding that explains why the court elected to impose such a severe sanction. We conclude that under these circumstances, the dismissal of the petitioners' appeal was a departure from the essential requirements of law.
Certiorari granted.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., CONCUR.