974 So.2d 441 (2007)
Stephen GOULD, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-2918.
District Court of Appeal of Florida, Second District.
December 19, 2007.
*442 James Marion Moorman, Public Defender, and Robert T. Connolly and Richard N. Blank, Assistant Public Defenders, Bartow, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Respondent.
WALLACE, Judge.
Stephen Gould petitions this court for a writ of certiorari to review a circuit court order that denied his petition for writ of habeas corpus. Mr. Gould filed his habeas corpus petition in the circuit court to review the first appearance magistrate's finding of probable cause to support Mr. Gould's arrest and continued detention. Because we conclude that the circuit court's order departs from the essential requirements of the law, we grant the *443 petition and quash the circuit court's order.

I. FACTS AND PROCEDURAL HISTORY
On May 29, 2007, a law enforcement officer issued Mr. Gould a uniform traffic citation for driving under the influence (DUI) under section 316.193, Florida Statutes (2006). The traffic citation included checked boxes indicating that a nonfatal crash occurred involving no injuries and an estimated $2800 in property damage. The uniform traffic citation indicated that Mr. Gould had a "breath/blood/urine alcohol level" of .000. The traffic citation also included the notations "URINE SUBMITED" and "DRE[1] COMPLETED."
At first appearance, the magistrate found probable cause for the DUI charge. The magistrate noted, "[T]here is no report. It says that in the blurb on the Florida Uniform Traffic Citation. It has a check for DUI. It says .000. It has the language and says urine submitted, [drug recognition expert] completed." Mr. Gould's attorney objected to the finding of probable cause because the traffic citation showed only that the law enforcement officer suspected DUI, asked for a breathalyzer, and the result was .000. Mr. Gould's attorney pointed out that there was no narrative indicating "what was being done with the automobilewhether there was a smell of alcohol, bloodshot eyes or anything like that." The magistrate noted the objection and found probable cause based solely upon the uniform traffic citation.
On June 8, 2007, Mr. Gould filed in the circuit court an emergency petition for writ of habeas corpus and for the return of his dog.[2] Mr. Gould's petition alleged, in pertinent part:
The facts before the court at [Mr. Gould's] first appearance hearing demonstrate that there is no probable cause to believe that this particular crime at issue was committed. The uniform traffic citation was issued on May 29, 2007. It notes on it that the accused submitted to a breathalyzer test; the results showed no trace of breath-alcohol (.000). It contains no observations of the officer. It does not state whether field sobriety tests were administered. It merely concludes and notes that a crime involving a violation of Section 316.193, Florida Statutes, was committed by [Mr. Gould]. This is all the information presented to the first appearance [magistrate] on the alleged commission of a DUI crime.
. . . .
Additionally, a simple traffic citation in and of itself that contains only conclusions of a police officer does not pass due process muster with regard to establishing probable cause for arrest and continuing detention. It is axiomatic *444 that if the officer did not obtain breathalyzer results or obtained a .000 reading, his observations and his possible administering of field sobriety tests are crucial for the judge to be able to determine probable cause. . . . Because there were no allegations made as to the circumstances of the arrest before the court at the time of [Mr. Gould's] first appearance hearing, it was error for the magistrate to have found probable cause for [Mr. Gould's] arrest.
Mr. Gould argued further that Florida Rule of Criminal Procedure 3.133(a)(3) required the magistrate to apply the same probable cause standard necessary for issuing an arrest warrant. Mr. Gould concluded that probable cause could not be established by the mere filing of a uniform traffic citation that contains only the law enforcement officer's conclusion that a particular crime has been committed. Accordingly, Mr. Gould requested that he be released from custody.
In its order denying the petition for writ of habeas corpus, the circuit court did not address Mr. Gould's argument based on rule 3.133(a)(3). Instead the court said:
The Court is aware of a case that recently came before the Second District Court of Appeal, John Schm[ei]l v. Grady Judd, Case No. 2D07-613, [951 So.2d 844 (Fla. 2d DCA 2007)] in which Mr. Schmeil sitnilarly alleged that the uniform traffic citation by itself did not satisfy probable cause for Mr. Schm[ei]l's arrest and continued detention. The Court is mindful of the fact that the Second District Court of Appeal issued a denial of Mr. Schmeil's Petition for Writ of Habeas Corpus on February 28, 2007, and finds that a denial of [Mr. Gould's] Petition is appropriate in the present matter.
The circuit court entered an order denying Mr. Gould's petition for writ of habeas corpus. Mr. Gould timely petitioned this court for certiorari review of the circuit court's order.

II. JURISDICTION
As a preliminary matter, the State asserts that Mr. Gould's release from jail renders his petition for certiorari moot. "However, mootness does not destroy a court's jurisdiction if the question raised is of great public importance or is likely to recur, or if the error is capable of repetition yet evading review." Kelley v. Rice, 800 So.2d 247, 250 (Fla. 2d DCA 2001) (citations omitted). Mr. Gould claims that "first appearance judges in the Tenth Judicial Circuit routinely accept unsworn, conclusory uniform traffic citations from arresting officers to justify the arrest and continued detention of [DUI suspects]." The State does not dispute this assertion. Because this petition presents a question capable of repetition yet evading review, this court has jurisdiction to hear the merits even if the petition is moot. See Enter. Leasing Co. v. Jones, 789 So.2d 964, 965 (Fla.2001) (holding that the court may retain jurisdiction despite mootness because the issue on appeal is likely to recur).

III. STANDARD OF REVIEW
The standard of review for a certiorari petition challenging a decision of a circuit court acting in its review capacity requires assessing whether the circuit court afforded procedural due process and observed the essential requirements of the law. Snyder v. City Council, 902 So.2d 910, 912 (Fla. 2d DCA 2005). This secondtier certiorari review is "simply another way of deciding whether the lower court `departed from the essential requirements of [the] law." Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla. *445 1995)). "A ruling constitutes a departure from the essential requirements of Ethel law when it amounts to `a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Id. (quoting Tedder v. Fla. Parole Comm'n, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003)); see State v. Farina 915 So.2d 685, 686 (Fla. 2d DCA 2005) (explaining that failure to apply the correct law must result in a miscarriage of justice to warrant the issuance of a writ of certiorari).

IV. ANALYSIS
Mr. Gould has not claimed that the circuit court's decision deprived, him of procedural due process. Consequently, this court may not grant relief unless the circuit court departed from the essential requirements of the law with a resulting miscarriage of justice. See Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141, 144 (Fla. 2d DCA 2002).
A. Essential Requirements of the Law
The circuit court's denial of Mr. Gould's emergency petition for writ of habeas corpus departed from the essential requirements of the law because the circuit court applied incorrect law. See Dep't of Highway Safety & Motor Vehicles v. Kurdziel, 908 So.2d 607, 609 (Fla. 2d DCA 2005). Per curiam appellate decisions without a written opinion have no precedential value. Dep't of Legal Affairs v. Dist. Court of Appeal, 5th Dist., 434 So.2d 310, 311 (Fla.1983). Nonetheless, the circuit court relied on Schmeil v. Judd, 951 So.2d 844 (Fla. 2d DCA 2007) (table decision), a per curiam habeas corpus denial without a written opinion, when considering Mr. Gould's petition. Therefore, the circuit court departed from the essential requirements of the law when it applied incorrect lawa decision with no precedental valueto dispose of Mr. Gould's petition for writ of habeas corpus.
Mr. Gould's petition raised at least two issues: (1) whether the magistrate applied the standards for issuance of an arrest warrant when determining probable cause for pretrial detention and (2) whether the uniform traffic citation charging him with DUI constituted sufficient evidence to support the magistrate's finding of probable cause. Consequently, as Mr. Gould argued in his petition, the circuit court should have relied on rule 8.133(a)(3) and the cases interpreting that rule, Rule 3.133(a)(3) provides:
Upon presentation of proof, the judge shall determine whether there is probable cause for detaining the arrested person pending further proceedings. . . . In determining probable cause to detain tile defendant, the judge shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.
Under rule 3.133(a)(3), "[p]robable cause' means a reasonable ground of suspicion supported by circumstances strong enough to warrant a cautious person to believe that the named suspect is guilty of the charged offense." Perry v. State, 842 So.2d 301, 303 n. 2 (Fla. 5th DCA 2003). Thus rule 3.133(a)(3) required that the circuit court determine whether the magistrate's finding of probable cause was supported by circumstances strong enough to Warrant a cautious person to believe that Mr. Gould was guilty of DUI.
Under the DUI statute, a person is guilty of DUI if he or she is driving or in actual physical control of a vehicle within this state and he or she is under the influence of alcohol or drugs to the extent that (1) his or her normal faculties are impaired, (2) his or her blood-alcohol level *446 is 0.08 or more grams of alcohol per 100. milliliters of blood, or (3) his or her breathalcohol level is 0.08 or more grams of alcohol per 210 liters of breath. § 316.193(1), Fla. Stat. (2006). The uniform traffic citation charging Mr. Gould with DUI was insufficient to establish probable cause because it did not include any facts indicating that his normal faculties were impaired and showed that his breath-alcohol level was 0.00.[3] Absent a sworn affidavit indicating that Mr. Gould's normal faculties were impaired, the first appearance magistrate had no basis for finding probable cause for Mr. Gould's arrest and detention.
Moreover, the core issue presented to the circuit court by Mr. Gould's petition related to the function and the effect of the uniform traffic citation. More than twenty years ago, the Supreme Court of Florida noted that a charging document "is not evidence against an accused, but, rather, is nothing more or less than the vehicle by which the state charges that a crime has been committed." Dougan v. State, 470 So.2d 697, 701 (Fla.1985). In accordance with this precept, every criminal jury trial in this state begins with the trial judge informing the jury that the information or indictment "is not evidence and is not to be considered by you as any proof of guilt." Fla. Std. Jury Instr. (Crim.) 2.1. In the absence of additional corroborative information such as the result of a breathalyzer test, a uniform traffic citationlike an in dictment or informationis nothing more or less than a charging document. See Fla. R. Traf. Ct. 0.040(b) (defining "charging document" as "any information, uniform traffic citation . . . or any other manner of charging a criminal traffic offense under law");, see also Ivory v. State, 588 So.2d 1007, 1009 (Fla. 5th DCA 1991) (stating that the Florida Rules for Traffic Courts "evince a clear intent that the uniform traffic citation constitute the charging document"). By itself, the uniform traffic citation does not constitute evidence. Thus it is ironic that at least some of the county judges in the Tenth Judicial Circuit regularly do what those same judges instruct jurors that they cannot dorely on the charging document alone as evidence of guilt. We disapprove this practice because it is inconsistent with the provisions of rule 3.133(a) concerning nonadversary probable cause determinations. For all of these reasons, the circuit court departed from the essential requirements of the law in denying Mr. Gould's petition for writ of habeas corpus.
B. Miscarriage of Justice
Although we conclude that the circuit court applied incorrect law when reviewing Mr. Gould's petition, this court cannot grant certiorari absent a showing that this departure from the essential requirements of the law constituted a "miscarriage of justice." When determining whether the circuit court's error amounts to a "miscarriage of justice," an important factor is the effect of the error on other cases. Alliston, 813 So.2d at 145. A circuit court's decision that is particularly fact-dependent or fact-specific or that lacks precedential value because it was issued without a written opinion will generally not merit certiorari review. Id. However, a decision that establishes a principle of general application binding on lower courts results in a miscarriage of justice that warrants the exercise of this court's certiorari jurisdiction. See id. at 145-46.
The order denying Mr. Gould's petition establishes the general principle that a uniform traffic citation, by itself, provides probable cause for a defendant's arrest *447 and continued detention. Furthermore, the circuit court appellate decision in this case is binding on all three county courts within the Tenth Judicial Circuit. See Fieselman v. State, 566 So.2d 768, 770 (Fla. 1990). Because the circuit court's application of incorrect law established a legal principle binding on lower courts that is neither fact-dependent nor fact-specific, the circuit court's decision results in a miscarriage of justice that warrants the exercise of this court's certiorari jurisdiction.

V. CONCLUSION
The circuit court departed from the essential requirements of the law when it denied Mr. Gould's petition for writ of habeas corpus because it applied the incorrect law and created precedent applicable to numerous other first appearance hearings involving uniform traffic citations as the sole proof of probable cause. Accordingly, we grant the petition for writ of certiorari, and we quash the circuit court's order denying Mr. Gould's petition for writ of habeas corpus.
Petition granted; order quashed.
SILBERMAN and VILLANTI, JJ., Concur.
NOTES
[1] The magistrate explained that "DRE" means "drug recognition expert."
[2] Mr. Gould alleged that his German shepherd named "White Cloud," which was in his automobile when he was arrested, was impounded along with the automobile. Mr. Gould asked the circuit court to order White Cloud's release without the prepayment of costs of any kind. The circuit court denied this request, and Mr. Gould has not asked this court to review this portion of the circuit court's order.

White Cloud was held at Polk County Animal Services where he faced imminent destruction because Mr. Gould remained in jail and was unable to obtain the dog's release. A sympathetic county judge timely intervened and ordered the Polk County Sheriff to "stay the death and preserve `White Cloud.'" We are informed that upon Mr. Gould's subsequent release from jail, he and White Cloud enjoyed a happy reunion.
[3] The uniform traffic citation did not indicate a blood-alcohol level for Mr. Gould.