PER CURIAM.
 

 Petitioner United Automobile Insurance Company (United) brought this second-tier petition for writ of certiorari, challenging a Broward Circuit Court order, rendered in appellate capacity, which dismissed its appeal for failure to timely file an initial brief after multiple prior extensions of time. We grant the petition and quash the order of dismissal.
 

 This case commenced when respondent County Line Chiropractic Center sued United in Broward County Court for breach of contract in a personal injury protection case, and obtained a final judgment against United for $45,000. United timely appealed to the Broward Circuit Court, and moved for extensions of time to file its initial brief five times from June 2008 to October 2008. The motions were granted. The sixth motion for extension of time, however, was denied by the circuit court in an order entered on December 5, 2008, finding an abuse of the appellate process and unnecessary delay. The circuit court directed United to file an initial brief within ten days,
 
 i.e.,
 
 by December 15, 2008, or suffer dismissal of its appeal. On December 17, 2008, United filed a motion for relief from the December 5, 2008 order, alleging that it did not receive the order until after the ten-day period had expired, and that insufficient notice had been given. United filed its initial brief along with the motion for relief. The circuit court denied United’s motion for relief. The court subsequently dismissed the appeal for failure to file the brief within the ten-day period provided in the December 5, 2008 order.
 

 Second-tier certiorari in this court calls for a determination of whether the circuit court afforded procedural due process and whether it applied the correct law.
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523 (Fla.1995). It is reserved for cases in which there has been a violation of a clearly-established principle of law resulting in a miscarriage of justice.
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679 (Fla.2000).
 

 We find that petitioner has made the required demonstration of a violation of clearly-established principle of law and resulting miscarriage of justice in this case. Florida Rule of Appellate Procedure 9.410 entitles a party to ten days’ notice before the court can impose a sanction such as dismissal of the appeal. The circuit court order in this case providing the ten days’ notice was mailed to petitioner, the practical result of which was that, with time taken for ordinary mail delivery, peti
 
 *1260
 
 tioner had less than ten days’ notice. As well, petitioner’s counsel advised that he did not receive the order within the ten-day period.
 

 "While we understand the frustration of the lower tribunal, especially in these times of limited judicial resources, dismissal is an extreme remedy reserved for the most flagrant violations of the rules.
 
 Irvin v. Williams,
 
 736 So.2d 705 (Fla. 1st DCA 1999). Public policy favors courts deciding controversies on their merits, even when an untimely brief is filed.
 
 See United Auto. Ins. Co. v. Total Rehab & Med. Ctr.,
 
 870 So.2d 866 (Fla. 3d DCA 2004).
 

 The harsh sanction of dismissal of the appeal is inappropriate in this case, as this was not a case of extreme, willful misconduct by petitioner or counsel, or an intentional disregard of court orders or appellate rules rising to the level of inexcusable neglect.
 
 See Kaloyios v. Regal Homes of Cent. Fla., Inc.,
 
 967 So.2d 1035 (Fla. 5th DCA 2007);
 
 Gillespie v. City of Destin,
 
 946 So.2d 1195 (Fla. 1st DCA 2006).
 

 While the appellate division of the circuit court has discretion in managing its docket, we conclude that petitioner has demonstrated a departure from the essential requirements of law resulting in a miscarriage of justice in this case. Therefore, we quash the order of dismissal and remand to the circuit court for further appellate proceedings.
 

 STEVENSON, DAMOORGIAN and CIKLIN, JJ., concur.