DAMOORGIAN, J.
The parties are before this court for second tier review on a petition for writ of certiorari. In this petition, Affirmative Insurance Company (AIC) seeks to have this court quash the circuit court’s order dismissing AIC’s appeal. Because AIC was not provided with notice that dismissal of its appeal would result from its failure to file the initial brief and record on appeal by the deadline set by the circuit court, AIC was not provided with procedural due process. We therefore conclude that the petition is well taken and grant it.
This matter arises out of a civil action in which the respondent, Josianny Meza Gomez (Gomez), sued AIC in county court for breach of an insurance policy. The county court entered summary judgment in favor of Gomez and against AIC on the issue of whether there was insurance coverage. AIC appealed the summary judgment to the circuit court in its appellate capacity (“the coverage appeal”). While the coverage appeal was pending, Gomez also obtained a judgment for attorney’s fees and costs as the prevailing party in the action. AIC filed a separate appeal from the attorney’s fee judgment (“the fee appeal”).
In a previous order, which is not the subject of this petition, the circuit court dismissed the coverage appeal. This court quashed the order of dismissal and remanded the coverage appeal to the circuit court for further proceedings. Affirmative Ins. Co. v. Gomez, 971 So.2d 227 (Fla. 4th DCA 2008). In the period of time between the order of dismissal and remand, the Broward County clerk completed the record for the coverage appeal, but because that appeal had been dismissed, the clerk filed the record with the fee appeal in August, 2007.
The petition that is the subject of this appeal arose from a subsequent order of dismissal in the coverage appeal. In response to Gomez’s several motions to dismiss AIC’s appeal or strike its brief, the circuit court initially entered an order threatening to dismiss the coverage appeal if AIC did not file the record on appeal within ten days. After AIC filed its initial brief and index to the record on appeal, the circuit court then granted Gomez’s motion to strike AIC’s initial brief and the index to the record because the index corresponded to the fee appeal, not the cover *1246 age appeal. The court ruled that, since no record actually was filed in the coverage appeal, the record citations in AIC’s brief were not valid. Without expressly threatening dismissal, it gave AIC ten days to file a separate record in the coverage appeal and an initial brief with proper citations. This time the court failed to notify AIC of the potential consequence of a failure to comply. The court then granted AIC another five days in which to file the record.
Nevertheless, AIC did not file a separate record in the coverage appeal within the time allotted by the circuit court. As a result, in the challenged order dated April 10, 2008, the circuit court dismissed the coverage appeal, stating that it had granted numerous motions to dismiss the appeal and then vacated them on AIC’s emergency motions for relief. The court found that AIC had engaged in a pattern of failing to timely comply with the court’s orders, and determined that the sanction of dismissal was appropriate. After the circuit coui't denied AIC’s motion for rehearing, AIC petitioned this court for a writ of certiorari.
On a petition for writ of certiorari filed from a decision of the circuit court rendered in its appellate capacity, this court must determine whether the “circuit court afforded procedural due process and whether it applied the correct law.” See Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995). AIC complains that it was denied procedural due process and that the circuit court departed from the essential requirements of law in dismissing its appeal contrary to clearly established law.
Florida Rule of Appellate Procedure 9.410 provides as follows:
After 10 days’ notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys’ fees, or other sanctions.
While the rule provides that the sanctions for violating the rules may include the dismissal of the case,
[a] sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules. See Swicegood v. Department of Transportation, 394 So.2d 1111 (Fla. 1st DCA 1981) (holding that dismissal was proper because counsel had failed to file a brief, failed to request an extension of time, and failed to explain his conduct in response to an order of the court); McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988) (holding that dismissal was proper because counsel had continually failed to timely prosecute his client’s appeals, despite reprimands by the court and the imposition of monetary sanctions).
Irvin v. Williams, 736 So.2d 705, 706 (Fla. 1st DCA 1999). “[Dismissal of an appellate proceeding should be employed sparingly and only after repeated violations or contumacious disregard of a court’s orders.” Craig v. Preston, 593 So.2d 578, 578 (Fla. 3d DCA 1992) (quoting Krebs v. State, 588 So.2d 38 (Fla. 5th DCA 1991)) (quashing order dismissing appeal for failure to timely file initial brief, where briefing schedule was ambiguous); see also Mathis v. Fla. Dep’t of Corr., 726 So.2d 389, 393 (Fla. 1st DCA 1999) (holding that findings of willful noncompliance are al *1247 most always a prerequisite for dismissing a claim for disobedience of a prior order).
We conclude that the circuit court denied AIC procedural due process by failing to provide notice of its intent to dismiss the coverage appeal, as required by rule 9.410. The circuit court’s first order requiring the filing of the record did threaten dismissal if the record were not filed within ten days from February 5, 2008. Instead of following through with that threat, however, the circuit court entered subsequent orders granting AIC additional time to file the initial brief and record on appeal. Neither the order requiring the filing of the record within ten days after the striking of the initial brief, nor the order granting AIC a five-day extension to file the proper record, included language giving AIC notice of the court’s intent to dismiss if the initial brief and record were not filed within the time allowed. The court’s failure to include such notice in these orders denied AIC procedural due process. See Fla. R.App. P. 9.410; Gillespie v. City of Destin, 946 So.2d 1195 (Fla. 1st DCA 2006) (quashing order dismissing appeal, inter alia pointing out that rule 9.410 requires the giving of ten days notice before imposing sanctions for the violation of the rules); Lindsey v. King, 894 So.2d 1058 (Fla. 1st DCA 2005) (“ ‘[T]he great weight of Florida authority holds that the failure to file an initial brief by the deadline is not sufficient cause to justify dismissal of the appeal, unless there has been fair warning, in advance, that this consequence may flow from a late filing.’ ”) (quoting United Auto. Ins. Co. v. Total Rehab & Med. Ctr., 870 So.2d 866, 869 (Fla. 3d DCA 2004)).
The circuit court in its appellate capacity has considerable discretion in the control and management of its docket. However, the coverage appeal should not have been dismissed because the circuit court failed to provide the warning required by Florida Rule of Appellate Procedure 9.410. Accordingly, we grant the petition and issue the writ. The April 10, 2008 order dismissing the appeal is quashed.[1]
HAZOURI, J., concurs specially with opinion.
FARMER, J., dissents with opinion.

. The dissent suggests that AIC delayed the appeal for two years, but fails to acknowledge that the coverage issue was previously appealed to this court during that time.