# Third District Court of Appeal

## State of Florida

Opinion filed December 19, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1575
Lower Tribunal No. 18-54
_____

**Florida Wellness & Rehabilitation Center, Inc. a/a/o Maria Gomez,**
Petitioner,

vs.

**Mark J. Feldman, P.A.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Oscar Rodriguez-Fonts, Nushin G. Sayfie, and Alan Fine, Judges.

Landau & Associates, P.A., and Todd Landau (Hallandale Beach), for petitioner.

Mark J. Feldman, P.A., and Mark J. Feldman, for respondent.

Before ROTHENBERG, C.J., and SALTER and LINDSEY, JJ.

ROTHENBERG, C.J.

The petitioner, Florida Wellness & Rehabilitation Center a/a/o Maria Gomez

("Florida Wellness"), seeks second-tier certiorari review of an order entered by the Appellate Division of the Miami-Dade Circuit Court ("the circuit court") dismissing Florida Wellness's appeal of a final order entered by the Miami-Dade County Court ("the county court"). We grant the petition and quash the order of dismissal.

## I. Facts and Procedural History

Florida Wellness retained Mark J. Feldman, P.A. ("Feldman") to represent it in a dispute seeking to recover PIP benefits. Prior to the resolution of the PIP action filed in the county court, Florida Wellness discharged Feldman, and thereafter, Feldman filed a notice of charging lien and retaining lien.

Following Florida Wellness's resolution of the PIP action for $15,000, Feldman filed an amended motion seeking to impose and/or to enforce the lien ("motion to enforce the lien"). Thereafter, the county court conducted two hearings relating to Feldman's motion to enforce the lien.

Following the first hearing, at which a court reporter was present, the county court entered a detailed order granting Feldman's motion to enforce the lien. In its order, the county court found that Feldman had perfected its charging lien and is entitled to an award of reasonable attorney's fees and costs, jointly and severally against Florida Wellness and the PIP carrier.

Although the county court acknowledged that the circuit court, sitting in its

appellate capacity, had previously issued an opinion holding that a discharged attorney is limited by the settlement proceeds for satisfaction of the charging lien, the county court found that the case referenced in the prior opinion was factually and legally distinguishable from the instant case because, as stipulated by all counsel at the hearing, "none of the parties or their counsel of record ever contacted or included Mark J. Feldman, Esq. for the purpose of discussing the reasonable attorney fees and costs to be paid to Mark J. Feldman, P.A., *prior to concluding the settlement in this* matter." The order further provides: "The Court recognizes that parties may settle the compensatory amounts related to their lawsuit without including the discharged attorney who has filed a charging lien. However, parties and their attorneys who do not properly negotiate the charging lien with the discharged attorney do so at their own peril." (citation omitted). Thus, the county court held that Feldman's recovery of reasonable attorney's fees and costs for the charging lien was not limited by the settlement proceeds.

Thereafter, the county court conducted a second hearing to address the award of reasonable attorney's fees and costs to Feldman.[1] Following the hearing, the county court entered a final order awarding attorney's fees and costs to

---

[1] There was a court reporter present at the second hearing. The transcript of that hearing was filed after the circuit court granted Feldman's motion to dismiss the appeal, but prior to the circuit court's denial of Florida Wellness's motion for rehearing. The transcript of the hearing reflects that the court reporter was not present for the entire hearing, but the transcript includes the testimony of two witnesses, including the testimony of Mark J. Feldman.

Feldman that exceeded the settlement amount of $15,000.

On February 19, 2018, Florida Wellness appealed to the circuit court the final order entered by the county court and paid the filing fee and the initial deposit for the preparation of the appellate record. On April 6, 2018, the clerk of the circuit and county court ("the Clerk's office") sent an "Invoice" in the amount of $216 to Florida Wellness's counsel for the preparation of the completed record, which provided: "**FAILURE TO PAY THIS FEE BY <u>APRIL 23, 2018</u> SHALL RESULT IN THE DISMISSAL OF THE CASE.**"[2] Florida Wellness's counsel did not pay the invoice by the April 23rd deadline imposed by the Clerk's office and there was no further communication or order sent to Florida Wellness's counsel regarding the invoice.

On April 30, 2018, Florida Wellness's counsel contacted Feldman's counsel to inform him that he would be filing a motion for extension of time to file the initial brief that was due that day. Feldman's counsel indicated that he would object to the motion for extension of time and also informed Florida Wellness's counsel of the outstanding invoice issued by the Clerk's office.[3]

Florida Wellness filed its motion for extension of time, noting Feldman's

---

[2] In reality, the invoice should have indicated that the failure to timely pay the invoice **may** result in the dismissal of the case.

[3] Florida Wellness's counsel claims he did not learn about the invoice sent by the Clerk's office prior to contacting Feldman's counsel due to a "backlog in the mail department."

counsel's objection.  In response, Feldman filed an objection to Florida Wellness's motion, asserting, in part, that Florida Wellness had not filed the transcripts of the hearings that led to the entry of the final order, and without the transcripts, the appeal could not proceed, and therefore, Florida's Wellness's request for an extension of time to file the initial brief was "ill-founded."

A few minutes after Florida Wellness filed its motion for extension of time, Feldman filed a motion to dismiss the appeal based on two grounds:  (1) Florida Wellness's failure to pay the $216 invoice issued by the Clerk's office, and (2) Florida Wellness's failure to provide an adequate record for appellate review, and specifically, the transcripts of the hearings.

On May 1, 2018, Florida Wellness mailed a check to the Clerk's office for the payment of the outstanding $216 invoice.  On that same day, the circuit court granted Florida Wellness's motion, extending the due date for the filing of the initial brief to June 29, 2018.

On May 17, 2018, **despite Florida Wellness's payment of the invoice**, the circuit court entered an unelaborated order granting Feldman's motion to dismiss. The circuit court denied Florida Wellness's verified motion for rehearing, and this second-tier petition for writ of certiorari followed.

## II. Analysis

"On a petition for writ of certiorari filed from a decision of the circuit court

5

rendered in its appellate capacity, this court must determine whether the 'circuit court afforded procedural due process and whether it applied the correct law.'" Affirmative Ins. Co. v. Gomez, 14 So. 3d 1244, 1246 (Fla. 4th DCA 2009) (quoting Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000)). Second-tier certiorari is "reserved for cases in which there has been a violation of a clearly-established principle of law resulting in a miscarriage of justice." United Auto. Ins. Co. v. Cty. Line Chiropractic Ctr., 8 So. 3d 1258, 1259 (Fla. 4th DCA 2009).

In its motion to dismiss, Feldman argued that the dismissal of the appeal was warranted based on two grounds: (1) Florida Wellness's failure to pay the $216 invoice issued by the Clerk's office; and (2) Florida Wellness's failure to ensure that a complete record, including the transcripts of the hearings, was prepared and transmitted. Because the circuit court's dismissal order was unelaborated, we address both arguments.

In addressing Florida Wellness's petition, we are guided by the following well-settled principles. First, Florida's public policy favors deciding controversies on their merits. See Nicaragua Trader Corp. v. Alejo Fla. Props., LLC, 19 So. 3d 395, 397 (Fla. 3d DCA 2009); Gillespie v. City of Destin, 946 So. 2d 1195, 1199 (Fla. 1st DCA 2006). Second, dismissal is an extreme sanction that is reserved for only the most flagrant violations of procedural rules. See Nicaragua Trader, 19 So. 3d at 397; Lindsey v. King, 894 So. 2d 1058, 1059 (Fla. 1st DCA 2005).

6

**A.  Failure to Timely Pay the $216 Invoice Issued by the Clerk's Office**

In the instant case, Florida Wellness's failure to timely pay the invoice issued by the Clerk's office for the preparation of the appellate record did not warrant the imposition of the most severe sanction—dismissal—thereby depriving Florida Wellness of having the controversy decided on its merits.  See I Creatives, Inc. v. Premier Printing Sols., Inc., 163 So. 3d 606, 608 (Fla. 3d DCA 2015) (granting petition for writ of certiorari and quashing dismissal order, finding that "[m]ere noncompliance with a pre-failure communication by the clerk of the court does not *ipso facto* reach the level of disrespect" warranting the sanction of dismissal).

Florida Wellness did not intentionally and flagrantly disregard an order issued by the circuit court.  Rather, it negligently failed to timely pay the invoice issued by the Clerk's office. Following Florida Wellness's failure to timely pay the invoice, it did not receive any further notification or communication from the circuit court stating that the appeal would be dismissed.  Further, upon learning of the invoice, Florida Wellness immediately mailed a check to the Clerk's office.  In addition, **prior to the circuit court's dismissal the appeal**, Florida Wellness paid the $216 invoice.  Under the circumstances, if the circuit court dismissed the appeal based on Florida Wellness's failure to timely pay the invoice, we conclude that there has been a violation of a clearly-established principle of law resulting in

a miscarriage of justice.

## B.  Failure to Include the Transcripts in the Appellate Record

Under the circumstances of this case, Florida Wellness's failure to file the transcripts of the hearing did not warrant the imposition of the most extreme sanction—dismissal.  Although the sanction of dismissal is permitted for violating a procedural rule, as "[d]ismissal is an extreme sanction . . . , it is reserved for the most flagrant violations of the appellate rules." Gomez, 14 So. 3d at 1246 (quoting Irvin v. Williams, 736 So. 2d 705, 706 (Fla. 1st DCA 1999).  Prior to dismissing Florida Wellness's appeal, the circuit court did not issue an order directing Florida Wellness to file the omitted parts of the record, namely the transcripts of the two hearings, or threaten Florida Wellness with dismissal if the transcripts were not filed.  "Florida Rule of Appellate Procedure 9.200(f)(2) . . . requires an appellate court to allow the appellant an opportunity to supplement an incomplete record before deciding the case based on the insufficiency of the record."  Starks v. Starks, 423 So. 2d 452, 453 (Fla. 1st DCA 1982).  Here, no such opportunity was given.

Further, in opposing Florida Wellness's motion for extension of time to file the initial brief, Feldman argued, among other things, that Florida Wellness had not filed the transcripts of the hearings, and therefore, Florida Wellness's request for an extension of time was "ill-founded."  The circuit court granted Florida

8

Wellness's motion for extension of time, thereby rejecting Feldman's argument. Despite knowing that the transcripts had not been filed, the circuit court did not issue an order instructing Florida Wellness to file the transcripts or warn Florida Wellness that the failure to do so would result in the dismissal of its appeal. Accordingly, under the circumstances of this case, assuming that the circuit court dismissed the appeal based on Florida Wellness's failure to transmit the transcripts,[4] we conclude there has been a violation of a clearly-established principle of law resulting in a miscarriage of justice.

### III. Conclusion

Based on the above analysis, we grant the petition for writ of certiorari, quash the dismissal order, and remand for further proceedings.

Petition granted; order quashed; remanded for further proceedings.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**

---

[4] Based on the circuit court's granting of Florida Wellness's motion for extension of time to file the initial brief, thereby rejecting Feldman's argument that the motion was "ill-founded" because the transcripts had not been filed, it appears that the dismissal of the appeal was most likely based on Florida Wellness's failure to pay the $216 invoice, not the lack of the transcripts. Further, although the lack of a transcript is usually fatal to an appellant, see Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), an appellate court may still review and reverse an order on appeal if the error appears on the face of the order. As Florida Wellness had not yet filed its initial brief, it is not clear whether it would have argued that the transcripts were not necessary to resolve the appellate issues.