NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEPHEN CHARLES ROGERS,           )
                                  )
            Petitioner,           )
                                  )
v.                                )        Case No. 2D18-3799
                                  )
STATE OF FLORIDA,                 )
                                  )
            Respondent.           )
_____)

Opinion filed August 14, 2019.

Petition for Writ of Certiorari to the Circuit
Court for the Judicial Circuit for Pinellas
County; sitting in its appellate capacity.

Stephen Charles Rogers, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Christina Z. Pacheco,
Assistant Attorney General, Tampa, for
Respondent.


CASANUEVA, Judge.

        Stephen Rogers has petitioned for a writ of certiorari asking us to quash

an order in which the circuit court, sitting in its appellate capacity, dismissed Mr. Rogers'

appeal of the denial of his amended motion for postconviction relief.  Because the

extreme sanction of dismissal is not warranted under the circumstances of this case, we

grant the petition and quash the order of dismissal.

Mr. Rogers filed a pro se notice of appeal with the circuit court on July 11, 2018.  No filing fee was required for the appeal, but the circuit court issued an order requiring Mr. Rogers to pay a "preparation fee" totaling $925.30.  Mr. Rogers was given ten days to either pay the fee, establish a payment plan, or file for a determination of indigent status.  Failure to take such action within ten days, the order warned, would result in dismissal of the appeal.

The order to pay shows that a copy of the order was sent to Mr. Rogers, but he alleges that he never received a copy.  Mr. Rogers did not pay the fee or file for a determination of indigent status, and the circuit court dismissed the appeal on August 23, 2018.[1]

In reviewing a petition for certiorari challenging an order of a circuit court sitting in its appellate capacity, we are limited to "assessing whether the circuit court afforded procedural due process and observed the essential requirements of the law." Altman v. State, 41 So. 3d 1030, 1031 (Fla. 2d DCA 2010) (quoting Gould v. State, 974 So. 2d 441, 444 (Fla. 2d DCA 2007)).  "A ruling constitutes a departure from the essential requirements of [the] law when it amounts to 'a violation of a clearly established principle of law resulting in a miscarriage of justice.' " Id. (alteration in original) (quoting Gould, 974 So. 2d at 445).

It is well established that the sanction of dismissal is an extreme sanction and "should be employed sparingly and only after repeated violations or contumacious disregard of a court's orders." Id. at 1034 (quoting Krebs v. State, 588 So. 2d 38, 38

---

[1]The order of dismissal is dated August 8, 2018, but it bears a filing date of August 23, 2018.  It appears that the order of dismissal was not sent to Mr. Rogers, but a separate notice of the order of dismissal was sent on August 28, 2018.

(Fla. 5th DCA 1991)).  It is also well established that Florida's public policy favors resolving cases on their merits.  Fla. Wellness & Rehab. Ctr., Inc. v. Mark J. Feldman, P.A., 262 So. 3d 234, 237 (Fla. 3d DCA 2018).

> Florida Rule of Appellate Procedure 9.410(a) provides:
>
> After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith.  Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions.

While an appellate court clearly possesses the authority to dismiss an appeal as a sanction where appropriate, this extreme sanction should be "reserved for the most flagrant violations of the appellate rules."  Forehand v. State, 264 So. 3d 333, 335 (Fla. 1st DCA 2019) (citing Lindsey v. King, 894 So. 2d 1058, 1059 (Fla. 1st DCA 2005)); see also Fla. Wellness & Rehab. Ctr., Inc., 262 So. 3d at 237 ("[D]ismissal is an extreme sanction that is reserved for only the most flagrant violations of procedural rules."). "Implicit within the concept is some degree of disrespect for court processes bordering on, if not explicitly constituting, willful noncompliance."  I Creatives, Inc. v. Premier Printing Sols., Inc., 163 So. 3d 606, 608 (Fla. 3d DCA 2015); compare Rodriguez v. Rodriguez, 640 So. 2d 133, 134 (Fla. 3d DCA 1994) (dismissing appeal after husband's "flagrant noncompliance with the trial court's order" where husband willfully refused to pay child support and flagrantly failed to comply with a contempt order requiring that he either pay a purge amount or surrender himself), with Altman, 41 So. 3d at 1034-35 (determining that dismissal for failure to timely file initial brief constituted departure from the essential requirements of the law because the failure to comply was not sufficiently

egregious to justify dismissal), and Fla. Wellness & Rehab. Ctr., Inc., 262 So. 3d at 237 (quashing order of dismissal where petitioner negligently failed to timely pay invoice issued by clerk's office warning of dismissal for failure to pay by deadline).

Mr. Rogers filed a timely notice of appeal with the circuit court. The circuit court issued an order giving Mr. Rogers ten days to pay a fee of $925.30 for preparation of the appellate record, establish a payment plan, or file for a determination of indigent status. The order, rendered August 10, 2018, warned that failure to take such action within ten days of the date of the order would result in dismissal of the appeal.

Mr. Rogers did not pay the fee or file for a determination of indigent status, and the circuit court dismissed the appeal in an order rendered August 23, 2018. He contends that he did not receive the order to pay and that, even if he had, the time allowed for compliance before dismissal of the appeal was insufficient.

Nothing in our record suggests that Mr. Rogers' failure to comply with the order to pay was flagrant, repeated, or represented a contumacious disregard of the court's order. The order to pay was the first and only notice to Mr. Rogers that failure to pay the $925.30 preparation fee would result in dismissal. Mr. Rogers contends that he never received that order and that, if he had, he would have complied with the order by applying for indigency status. He notes that he otherwise diligently pursued his appeal, including filing a motion for extension of time to file an initial brief on August 10, 2018 (albeit erroneously filed with this court), and he filed an affidavit of insolvency with this court on October 15, 2018, pursuant to which he was declared insolvent for purposes of the filing fee associated with this petition.

- 4 -

Additionally, Mr. Rogers correctly notes that the order to pay contains two filing date stamps: August 13, 2018, which is crossed out, and August 10, 2018. If the order was in the Clerk's office when stamped on August 13, 2018, Mr. Rogers was not in fact given the requisite ten days to comply with the order prior to dismissal on August 23, 2018. See United Auto. Ins. Co. v. Cty. Line Chiropractic Ctr., 8 So. 3d 1258, 1259-60 (Fla. 4th DCA 2009) ("Florida Rule of Appellate Procedure 9.410 entitles a party to ten days' notice before the court can impose a sanction such as dismissal of the appeal. The circuit court order in this case providing the ten days' notice was mailed to petitioner, the practical result of which was that, with time taken for ordinary mail delivery, petitioner had less than ten days' notice."); Gillespie v. City of Destin, 946 So. 2d 1195, 1198-99 (Fla. 1st DCA 2006) (stating that, though the order stated that the brief must be filed within ten days, "the amount of notice [Gillespie] got was reduced, by the mailing time, to less than the requisite ten days"). "It is well settled that dismissal of an appeal without providing the requisite notice under rule 9.410 constitutes a departure from the essential requirements of the law." Altman, 41 So. 3d at 1033.

In any event, the circumstances presented here simply fail to meet the kind of flagrant or repeated noncompliance warranting the dismissal of an appeal. Accordingly, we conclude that the dismissal constitutes a departure from the essential requirements of the law, and we therefore grant the petition and quash the order of dismissal.

Petition granted; order quashed.

KHOUZAM, C.J., and BLACK, J., Concur.

- 5 -