# Supreme Court of Florida

————————

No. SC15-1513

————————

**IN RE: AMENDMENTS TO THE FLORIDA PROBATE RULES.**

[December 17, 2015]

PER CURIAM.

In response to recent legislation, The Florida Bar's Probate Rules Committee (Committee) has filed an out-of-cycle, fast-track report proposing amendments to the Florida Probate Rules.[1] <u>See</u> Fla. R. Jud. Admin. 2.140(e). After considering the proposals and reviewing the relevant legislation, we adopt the amendments as proposed by the Committee. We also adopt the Committee's alternate proposal to amend rule 5.695 (Annual Guardianship Reports). We discuss the more significant amendments below.

Rule 5.240 (Notice of Administration), subdivision (b)(3) (Contents), currently requires that the Notice of Administration advise any interested person that he or she must file any objections challenging the validity of the will, the

_____

1. We have jurisdiction. <u>See</u> art. V, § 2(a), Fla. Const.

qualifications of the personal representative, the venue, or the court's jurisdiction within the time required by law, or those objections will be forever barred. The rule is amended to delete the phrase "the qualifications of the personal representative." See ch. 2015-27, § 2, Laws of Fla. (amending section 733.212, Florida Statutes, to delete the phrase "the qualifications of the personal representative"). We also amend subdivision (b)(3) to state that any objection challenging the validity of the will, the venue, or the jurisdiction of the court must be filed on or before the date which is three months after the Notice of Administration is served on the interested person. Additionally, we add new language providing that the three-month period may only be extended for estoppel based on a misstatement by the personal representative as to the time period to file the objection, and not for any other reason. Unless sooner barred by section 733.212(3), Florida Statutes, any objections to the validity of a will, venue, or jurisdiction must be filed no later than the entry of an order of final discharge of the personal representative, or one year after service of the Notice of Administration, whichever date occurs earlier. Id. Subdivision (d) (Objections) of rule 5.240 is also amended to delete language in the rule addressing objections to the qualifications of the personal representative.

Next, rule 5.310 (Disqualification of Personal Representative; Notification) is amended to delete existing language in the rule authorizing a personal

representative who was not qualified to act at the time of the appointment to file and serve notice as set forth in the rule. As amended, rule 5.310 requires that a personal representative, who was qualified at the time of the appointment, but who knows that he or she would not be qualified if the appointment were then made, to promptly file and serve notice on interested persons. See ch. 2015-27, § 4, Laws of Fla. (amending section 733.3101, Florida Statutes, to require the personal representative to resign immediately if the personal representative knows that he or she was not qualified to act at the time of the appointment, and to outline the notice requirements when a personal representative was qualified at the time of the appointment, but would not be qualified for appointment if the application was then made). Existing subdivision (a) is deleted in its entirety, and existing subdivision (b) is divided into two new subdivisions (a) and (b). New subdivision (a) requires the notice from the personal representative to state the reasons he or she would not currently be qualified for appointment; new subdivision (b) requires the notice to state that any interested person may file a petition to remove the personal representative.

We amend rule 5.648 (Emergency Temporary Guardian), subdivision (b) (Notice), to provide that notice of filing a petition for appointment of an emergency temporary guardian and a hearing on the petition must be served on the alleged incapacitated person or his or her attorney at least twenty-four hours before

the hearing is commenced, unless the petition demonstrates that substantial harm to the alleged incapacitated person would occur if notice is given. See ch. 2015-83, § 6, Laws of Fla. (amending section 744.3031, Florida Statutes, to require that notice of filing a petition for appointment of an emergency temporary guardian must be served on the alleged incapacitated person twenty-four hours before a hearing on the petition, unless the twenty-four-hour notice period would result in harm to the alleged incapacitated person).

We also amend rule 5.695 (Annual Guardianship Reports) to conform to legislative changes to section 744.367, Florida Statutes, made by chapter 2015-83, section 16, Laws of Florida, amending the timeframe in which the guardian of a person is required to file an annual guardianship report with the court. The Committee indicates in its report that it believes the amendments to section 744.367 are procedural in nature and may be confusing to some readers and filers. However, in the alternative, it proposed language to amend rule 5.695, consistent with the legislative change, to require the guardian of a person to file the annual guardianship report at least 60 days, but not more than 90 days, before the last day of the anniversary month when the letters of guardianship were signed (if the court requires reporting on a calendar-year basis). Although we adopt the Committee's alternate proposal and amend rule 5.695, we invite interested persons to provide comments on the amended rule.

Finally, we amend rule 5.705 (Petition for Interim Judicial Review), subdivision (a) (Contents), to provide that a petition for interim judicial review may allege that the guardian is acting in a manner contrary to section 744.361, Florida Statues. See ch. 2015-83, § 15 and § 18, Laws of Fla. (amending section 744.361, Florida Statutes, to add additional powers and duties of a guardian acting on behalf of a ward, and section 744.3715, Florida Statutes, to provide that a petition for interim judicial review may allege that the guardian is acting contrary to any of the powers and duties outlined in section 744.361, or that the guardian is denying visitation between the ward and his or her relatives in violation of section 744.361(13)).

Accordingly, the Florida Probate Rules are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before February 15, 2016, with a certificate of service verifying that a copy has been served on the Committee Chair, Matthew H. Triggs, 2255 Glades Road, Suite 421A, Boca Raton,

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Probate Rules Committee

Matthew Henry Triggs, Chair, Probate Rules Committee, Proskauer Rose LLP, Boca Raton, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

FL 33431-7379, mtriggs@proskauer.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until March 7, 2016, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**RULE 5.240.    NOTICE OF ADMINISTRATION**

(a)    **Service.** The personal representative shall promptly serve a copy of the notice of administration on the following persons who are known to the personal representative and who were not previously served under section 733.2123, Florida Statutes:

(1) – (2)    [No Change]

(3)    a trustee of any trust described in section 733.707(3), Florida Statutes, and each qualified beneficiary of the trust as defined in section 736.0103(16), Florida Statutes, if each trustee is also a personal representative of the estate; and

(4)    [No Change]

in the manner provided for service of formal notice. The personal representative may similarly serve a copy of the notice on any devisee under another will or heirs or others who claim or may claim an interest in the estate.

(b)    **Contents.** The notice shall state:

(1) – (2)    [No Change]

(3)    that any interested person on whom the notice of administration is served must file, on or before the date which is 3 months after the date of service of the notice of administration on that interested person, any objection that~~who~~ challenges the validity of the will, ~~the qualifications of the personal representative,~~ the venue, or the jurisdiction of the court ~~must file any objections with the court in the manner provided in the Florida Probate Rules within the time required by law~~ or those objections are forever barred. The 3-month time period may only be extended for estoppel based upon a misstatement by the personal representative regarding the time period within which an objection must be filed. The time period may not be extended for any other reason, including affirmative representation, failure to disclose information, or misconduct by the personal representative or any other person. Unless sooner barred by section 733.212(3), Florida Statutes, all objections to the validity of a will, venue, or the jurisdiction of the court must be

filed no later than the earlier of the entry of an order of final discharge of the personal representative, or 1 year after service of the notice of administration;

(4) – (5)     [No Change]

**(c)**     **[No Change]**

**(d)**     **Objections.** Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. ~~Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of a personal representative.~~ Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.

**(e)**     **[No Change]**

### Committee Notes

**Rule History**

1977 – 2013 Revisions    [No Change]

2015 Revision: Subdivisions (b)(3) and (d) amended to conform to amendments to section 733.212, Florida Statutes, relating to the removal of the requirement to object to the qualifications of a personal representative within this statutory framework due to other statutory amendments.  The 2011 Revision contains a scrivener's error and it should reference section 733.212, Florida Statutes, as opposed to section 732.212, Florida Statutes.

**Statutory References**

[No Change]

**Rule References**

[No Change]

**RULE 5.310.     DISQUALIFICATION OF PERSONAL REPRESENTATIVE; NOTIFICATION**

Any ~~time a~~ personal representative, who was ~~not~~ qualified to act at the time of appointment, ~~or who would not be qualified for appointment if application for appointment were then made shall immediately file and serve on all interested persons~~knows that he or she would not be qualified for appointment if application for appointment were then made, the personal representative shall promptly file and serve on all interested persons a notice ~~describing~~stating:

(a)    ~~the reason the personal representative was not qualified at the time of appointment; or~~

~~(b)~~    the reason(s) the personal representative would not be qualified for appointment if application for appointment were then made and the date on which the disqualifying event occurred; and

(b)    ~~The personal representative's notice shall state~~ that any interested person may file a petition to remove the personal representative within 30 days after the date on which such notice is served.

## Committee Notes

Notification under this rule or section 733.3101(2), Florida Statutes, does not automatically affect the authority of the personal representative to act. The personal representative may resign or interested persons or the court must act to remove the personal representative.

### Rule History

1975 – 2002 Revisions    [No Change]

2015 Revision: Rule amended to conform to amendment to section 733.3101, Florida Statutes, which modifies the substance and procedure for the disqualification of a personal representative. Citation revised in committee notes. Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and documents.
Fla. Prob. R. 5.430 Resignation of personal representative.

Fla. Prob. R. 5.440 Proceedings for removal.

**RULE 5.648.**      **EMERGENCY TEMPORARY GUARDIAN**

**(a)**     **[No Change]**

**(b)**     **Notice.** ~~Unless the court orders otherwise, n~~Notice of filing of the petition for appointment of an emergency temporary guardian and ~~any~~ hearing on the petition ~~shall~~must be served ~~before the hearing on the petition~~ on the alleged incapacitated person and on the alleged incapacitated person's attorney <u>at least 24 hours before the hearing on the petition is commenced, unless the petitioner demonstrates that substantial harm to the alleged incapacitated person would occur if the 24-hour notice is given</u>.

**(c) – (f)**     **[No Change]**

**Committee Notes**

**Rule History**

2007 Revision: [No Change]

<u>2015 Revision: Amended subdivision (b) to conform to statutory changes in section 744.3031(2), Florida Statutes. Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

[No Change]

**RULE 5.695.**     **ANNUAL GUARDIANSHIP REPORTS**

**(a)**     **Contents and Filing.**

    **(1)**     **Guardian of the Person.** Unless the court requires reporting on a calendar-year basis, the guardian of the person shall file an annual guardianship plan ~~within 90~~<u>at least 60</u> days<u>, but no more than 90 days,</u> ~~after~~<u>before</u> the last day of the anniversary month in which the letters of guardianship were ~~issued~~<u>signed</u>. The

plan ~~shall be for~~must cover the coming fiscal year, ending on the last day of such anniversary month. If the court requires ~~reporting on a~~ calendar-year ~~basis~~reporting, the guardianship plan ~~shall~~for the forthcoming year must be filed on or ~~before April 1 of each year~~after September 1, but no later than December 1, of the current year.

      **(2)**    **[No Change]**

  **(b)**    **[No Change]**

**Committee Notes**

[No Change]

**Rule History**

1975 – 2012 Revisions    [No Change]

2015 Revision: Subdivision (a)(1) amended to conform to statutory changes in section 744.367(1), Florida Statutes. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

## RULE 5.705.     PETITION FOR INTERIM JUDICIAL REVIEW

  **(a)**    **Contents.** A petition for interim judicial review shall be verified, state the petitioner's interest in the proceeding, state with particularity the manner in which the guardian's action or proposed action does not comply with or exceeds the guardian's authority under the guardian plan, or state that the guardian is acting in a manner contrary to section 744.361, Florida Statutes, and state why the action, ~~or~~ proposed action, or conduct of the guardian is not in the best interest of the ward.

  **(b) – (d)**    **[No Change]**

**Committee Notes**

**Rule History**

1991 – 2008 Revisions    [No Change]

2015 Revision: Subdivision (a) amended to conform to changes in sections 744.361 and 744.3715, Florida Statutes. Citation revised in committee notes. Committee notes revised.

**Statutory References**

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.361, Fla. Stat. Powers and duties of guardian.
§ 744.3715, Fla. Stat. Petition for interim judicial review.