NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BEULAH COVEY,                )
                                     )
        Appellant,       )
                                     )
v.                              )        Case No. 2D18-3084
                                     )
LINDA SHAFFER and PHYLLIS  )
COVEY,                    )
                                   )
        Appellees.       )
_____ )

Opinion filed July 3, 2019.

Appeal pursuant to Fla. R. App. P. 9.170
from the Circuit Court for Collier
County; Frederick Hardt, Judge.

Matthew A. Linde of Cody & Linde,
PLLC, Fort Myers; Robin D. Merriman II
of Aloia, Roland, Lubell & Morgan, PLLC,
Fort Myers; and Philip V. Howard and
Lance M. McKinney of Osterhout &
McKinney, P.A., Fort Myers, for
Appellant.

Jeffry S. Perlow, Naples, for Appellee
Linda Shaffer.

Alvaro C. Sanchez of Burandt, Adamski,
Feichthaler & Sanchez, PLLC, Naples,
for Appellee Phyllis Covey.

NORTHCUTT, Judge.

The circuit court granted Linda Shaffer's petition to appoint an emergency temporary guardian for Beulah Covey. Covey challenges the order on several grounds, but we address only her assertion that the court erred in granting the petition without a hearing. We agree and reverse.

**Background**

On June 27, 2018, Shaffer filed petitions to determine Covey's incapacity and for the appointment of an emergency temporary guardian for Covey, whom Shaffer asserted was suffering from Alzheimer's disease and diminished capacity. Shaffer was Covey's life partner for thirty-six years. She alleged that Covey's niece had taken Covey with her to Michigan two months earlier and was not allowing Shaffer to speak with her, preventing Shaffer from confirming that Covey was taking her medications and being properly cared for. Shaffer also alleged that Covey had since revoked a power of attorney that she had previously given to Shaffer and had been writing checks to the benefit of others.

On July 2, the circuit court issued an ex parte order appointing Shaffer as Covey's emergency temporary guardian. The court also appointed counsel to represent Covey and to serve as elisor. Covey's attorney was able to make contact with Covey by phone, and he then filed an emergency motion to vacate the letters of guardianship and the order appointing Shaffer as emergency temporary guardian. A hearing on the motion was scheduled for July 31. Several days before the hearing, Covey and her niece traveled to Florida. Covey's attorney was then able to meet with Covey for the first time and serve her with Shaffer's petitions.

- 2 -

At the hearing on the motion to vacate, Covey's counsel argued, among other things, that the court could not appoint a temporary guardian without holding an evidentiary hearing. Shaffer responded that the court could still hold an evidentiary hearing on the petition, even after it had been granted. Covey's niece, who had filed a counterpetition and sought to serve as guardian, suggested that the court take testimony then and there, as all of the parties were present, but the court rejected that proposal, citing a lack of notice. The court then denied Covey's motion to vacate, and her counsel filed this appeal under Florida Rule of Appellate Procedure 9.170(b)(8).

During the pendency of the appeal, the circuit court extended the temporary guardianship for a further ninety days, as is permitted by section 744.3031(4), Florida Statutes (2018). At oral argument in January 2019, the parties' attorneys informed us that the circuit court had since determined that Covey was incapacitated and that it had appointed Shaffer as permanent guardian of Covey's person and a professional guardian to serve as permanent guardian of Covey's property.[1]

## Jurisdiction

The appointment of permanent guardians for Covey effectively moots Covey's challenge to the appointment of Shaffer as the temporary guardian. See In re Smith, 05-09-00913-CV, 2010 WL 4324434, at *2 (Tex. App. Nov. 3, 2010) ("Complaints

---

[1]Because this is an appeal under rule 9.170, rather than rule 9.130, the circuit court retained jurisdiction to appoint permanent guardians during this appeal and did not run afoul of rule 9.130(f)'s prohibition against the entry of a final order during the pendency of a nonfinal appeal brought under that rule. See Jannette Billot Pigna v. Messianu, 43 Fla. L. Weekly D2260 (Fla. 3d DCA Oct. 3, 2018) (noting the distinction between appeals under rules 9.170 and 9.130).

about an order regarding temporary guardianship ordinarily become moot if a permanent guardian is appointed.").  However, because an emergency temporary guardianship can last for a maximum of only 180 days, see § 744.3031(4) (providing that an emergency temporary guardianship expires after ninety days or when a guardian is appointed, whichever occurs first, and may be extended for "an additional 90 days"), the issues here are capable of repetition while evading appellate review.  We therefore decline to dismiss the appeal as moot.  See Enter. Leasing Co. v. Jones, 789 So. 2d 964, 965 (Fla. 2001) ("Although the issue presented in this appeal may be moot as it relates to these parties, the mootness doctrine does not destroy our jurisdiction when the question before us is of great public importance or is likely to recur."); Gould v. State, 974 So. 2d 441, 444 (Fla. 2d DCA 2007).

## Analysis

Covey contends that appointing the emergency temporary guardian without first holding a hearing on the petition violated her Fourteenth Amendment right to due process as well as the procedural requirements of section 744.3031.  We need not address the constitutional issue because we can instead resolve the issue on nonconstitutional grounds.  See Anderson v. City of St. Pete Beach, 161 So. 3d 548, 550 n.1 (Fla. 2d DCA 2014) (noting that under the principle of judicial restraint "courts should avoid considering a constitutional question when a case may be disposed of on nonconstitutional grounds").

Section 744.3031 and Florida Probate Rule 5.648 together set forth the procedures for the appointment of an emergency temporary guardian.  Section 744.3031 provides:

(1) A court, prior to appointment of a guardian but after a petition for determination of incapacity has been filed pursuant to this chapter, may appoint an emergency temporary guardian for the person or property, or both, of an alleged incapacitated person. The court must specifically find that there appears to be imminent danger that the physical or mental health or safety of the person will be seriously impaired or that the person's property is in danger of being wasted, misappropriated, or lost unless immediate action is taken. The subject of the proceeding or any adult interested in the welfare of that person may apply to the court in which the proceeding is pending for the emergency appointment of a temporary guardian. The powers and duties of the emergency temporary guardian must be specifically enumerated by court order. The court shall appoint counsel to represent the alleged incapacitated person during any such summary proceedings, and <u>such appointed counsel may request that the proceeding be recorded and transcribed</u>.

(2) Notice of filing of the petition for appointment of an emergency temporary guardian <u>and a hearing on the petition</u> must be served on the alleged incapacitated person and on the alleged incapacitated person's attorney at least 24 hours before <u>the hearing on the petition</u> is commenced, unless the petitioner demonstrates that substantial harm to the alleged incapacitated person would occur if the 24-hour notice is given.

(Emphasis added.)

We read the language of the statute as requiring a hearing prior to the appointment of an emergency temporary guardian. It states that the petitioner is required to serve the alleged incapacitated person and his or her attorney with a notice of filing the petition "and a hearing on the petition." The requirement that the petitioner serve a notice of hearing plainly contemplates that a hearing is to be held. The statute goes on to specify that the notice must be provided at least 24 hours before "the hearing on the petition." The use of the definite article "the" in lieu of an indefinite article such as "a" or "any" indicates that the statute has a particular hearing in mind, i.e., the hearing for which the petitioner is required to serve notice, rather than merely a

possible, optional hearing. See Myers v. State, 696 So. 2d 893, 900 (Fla. 4th DCA 1997), quashed on other grounds 713 So. 2d 1013 (Fla. 1998) ("The indefinite article a has an accepted sense of 'any,' while the definite article, the, used before a noun specifies a definite and specific noun, as opposed to any member of a class."). Section 744.3031(1) also provides that counsel for the alleged incapacitated person may request that "the proceeding" be transcribed, thus indicating that there is to be a proceeding capable of being transcribed, i.e., a hearing.

We discern further support for this reading of the statute in the language of rule 5.648. Prior to its amendment in 2015, rule 5.648 required the petitioner to serve "[n]otice of filing of the petition for appointment of an emergency temporary guardian and any hearing on the petition." Fla. Prob. R. 5.648(b) (2014). But the 2015 amendment removed the word "any," further indicating that a hearing is not optional but rather should be held as a matter of course. See In re Amendments to Fla. Prob. Rules, 181 So. 3d 480, 484 (Fla. 2015).

## Conclusion

In sum, we hold that section 744.3031 requires a circuit court to hold a hearing prior to ruling on a petition for the appointment of an emergency temporary guardian. In this case, the court erred by granting Shaffer's petition ex parte. Accordingly, the order appointing Shaffer as Beulah Covey's emergency temporary guardian is reversed.

Reversed and remanded.


VILLANTI, J., Concurs.
SALARIO, J., Concurs in result only.